SERVE

Filing # 35007133 E-Filed 12/01/2015 02:16:45 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

G. CLIFFORD ABROMATS, individually and as
Trustee of the Gloria J. Abromats Revocable
Trust Agreement u/t/d September 15, 2005,
as amended,

    Plaintiff,

v.

PHILIP ABROMATS, individually and as
qualified beneficiary Gloria J. Abromats
Revocable Trust Agreement u/t/d
September 15, 2005, as amended,

    Defendant.

_____/

CASE NO.: PRC150005163
DIVISION: PROBATE

Date
Time
Server's Initials
Military ___Y ___N
Married ___Y ___N

## SUMMONS

TO:    Philip Abromats
       750 US HWY 14
       Greybull, WY 82426

## IMPORTANT

    A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached Complaint. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiffs/Plaintiffs' Attorney" named below.

            PETER J. FORMAN, ESQ.
            Gutter Chaves Josepher Rubin

**EXHIBIT A**

Forman Fleisher Miller P.A.
2101 Corporate Boulevard, Suite 107
Boca Raton, FL  33431
Telephone:  (561) 998-7847

If the party serving summons has designated e-mail address(es) for service or is represented by
an attorney, you may designate e-mail address(es) for service by or on you.  Service must be in
accordance with Florida Rule of Judicial Administration 2.516.

Copies of all court documents in this case, including orders, are available at the Clerk of the
Circuit Court's office.  You may review these documents, upon request.


THE STATE OF FLORIDA

          TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons

and a copy of the Complaint in this lawsuit on the above-named Defendant.


          DATED on _____ DEC 01 2015 ___ .


(SEAL)                              HOWARD C. FORMAN
                                    AS CLERK OF THE COURT


                              By:   _____
                                    As Deputy Clerk

                                                           HOWARD C. FORMAN

          **INSTRUCTIONS CONTINUED ON NEXT PAGE**




                              **EXHIBIT A**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el bribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiffs/Plaintiffs' Attorney" (Demandante o Abogado del Demandante).

> PETER J. FORMAN, ESQ.
> Gutter Chaves Josepher Rubin
> Forman Fleisher Miller P.A.
> 2101 Corporate Boulevard, Suite 107
> Boca Raton, FL  33431
> Telephone:  (561) 998-7847

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero du dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre

**EXHIBIT A**

reponse ecrite au "Plaintiffs/Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme di-dessous.

PETER J. FORMAN, ESQ.
Gutter Chaves Josepher Rubin
Forman Fleisher Miller P.A.
2101 Corporate Boulevard, Suite 107
Boca Raton, FL  33431
Telephone:  (561) 998-7847

F:\WPDATA\PJF\\Abromatss\summon to Phifip.doc

**EXHIBIT A**

Filing # 34688503 E-Filed 11/19/2015 06:22:30 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

G. CLIFFORD ABROMATS, individually and as
Trustee of the Gloria J. Abromats Revocable
Trust Agreement u/t/d September 15, 2005,
as amended,

       CASE NO.:
   Plaintiff,          DIVISION:

v.

PHILIP ABROMATS, individually and as
qualified beneficiary Gloria J. Abromats
Revocable Trust Agreement u/t/d
September 15, 2005, as amended,

   Defendant.
_____/

## COMPLAINT

Plaintiff, G. CLIFFORD ABROMATS, individually and as Trustee of the Gloria J. Abromats Revocable Trust Agreement u/t/d September 15, 2005, as amended ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint. As grounds thereof, Plaintiff states as follows:

### GENERAL ALLEGATIONS AND PARTIES

1.     This is a Complaint (1) against Defendant, PHILIP ABROMATS, to set aside and declare null and void the September 30, 2011 Amendments (the "September Amendments") to the Gloria J. Abromats Revocable Trust Agreement u/t/d September 15, 2005, as amended (the "Trust") executed by GLORIA J. ABROMATS (the "Decedent") while she was subject to undue influence and at a time when she lacked the necessary mental capacity to execute the Amendment and (2) for the approval of Trust accountings prepared by Plaintiff.

2.     Plaintiff has retained the law firm of Gutter Chaves Josepher Rubin Forman Fleisher Miller P.A. and has agreed to pay them a reasonable fee.

3.     The situs of the Trust is Broward County, Florida.

4.     The Court has jurisdiction over the parties pursuant to Florida Statutes § 736.0202, and venue is proper in Broward County, Florida, pursuant to Florida Statutes § 736.0204.

**EXHIBIT A**

5.      Plaintiff is currently serving as Trustee of the Trust and is a qualified beneficiary of the Trust.

6.      Defendant, PHILIP ABROMATS, individually and as purported qualified beneficiary of the Trust, is a resident of Wyoming, and is *sui juris*.

7.      Pursuant to Florida Statutes § 736.0107 and Article Thirteen of the Trust, Florida law governs the Trust.

8.      On September 15, 2005, the Decedent executed the Trust (attached hereto as Exhibit "A").

9.      On or about January 19, 2011, the Decedent executed an amendment to the Trust, removing Defendant as a beneficiary of the Trust (attached hereto as Exhibit "B").

10.     On or about September 30, 2011, the Decedent purportedly executed the September Amendments, substantially altering the prior dispositive Trust provisions and re-instating Defendant as a one half beneficiary of the Trust following the Decedent's death (attached hereto as Exhibit "C").

11.     Upon information and belief, the Decedent executed the September Amendments at a time when the Decedent was subject to the undue influence of the Defendant and was not mentally competent to understand the nature and effect of the Amendments.

12.     On March 27, 2015, the Decedent died at age 91.

### COUNT I: LACK OF CAPACITY

13.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 12 above, and further alleges as follows.

14.     Upon information and belief, prior to and during September of 2011, the Decedent suffered from severe mental status changes.

15.     Upon information and belief, the September Amendments were executed on September 30, 2011, at a time when the Decedent suffered from severe diminished capacity.

16.     As a result of the Decedent's diminished physical and mental condition, upon

### EXHIBIT A

information and belief, she was not of sound mind at the time she executed the September Amendments.

17.    Upon information and belief, the September Amendments were executed at a time when the Decedent did not comprehend the nature and extent of her assets, the natural objects of her bounty, or the effect of the Amendment.

WHEREFORE, Plaintiff, G. CLIFFORD ABROMATS, individually and as Trustee of the Gloria J. Abromats Revocable Trust u/t/d September 15, 2005, as amended, respectfully requests the purported September Amendments be set aside and declared null and void and of no effect and be canceled of record, for an award of attorney's fees and costs and for such other and further relief as this Court may deem just and proper.

## COUNT II: UNDUE INFLUENCE

18.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 above, and further alleges:

19.    The September Amendments were executed at a time when the Decedent was in a weakened mental and physical condition.

20.    Defendant had a confidential relationship with the Decedent.

21.    Defendant is a substantial beneficiary of the Amendments.

22.    At the time the Amendments were executed, upon information and belief, the Decedent was so controlled by Defendant that he was able to substitute his intentions for the Decedent's and procured, by undue influence, the execution of the Amendments in favor of himself and to the exclusion of Plaintiff.

WHEREFORE, Plaintiff, G. CLIFFORD ABROMATS, individually and as Trustee of the Gloria J. Abromats Revocable Trust u/t/d September 15, 2005, as amended, respectfully requests the purported September Amendments be set aside and declared null and void and of no effect and be canceled of record, for an award of reasonable attorney's fees and costs and for such other and further relief as this Court may deem just and proper.

**EXHIBIT A**

## COUNT III: APPROVAL OF ACCOUNTING

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 above, and further alleges:

24.     Florida Statutes § 736.0201 specifically grants the Court authority to review and approve trust accountings.  In particular, Florida Statutes § 736.0201 provides, in pertinent part, that the Court intervene in the administration of a trust to "review and settle interim or final accounts." *See* § 736.0201(4)(b), Florida Statutes.  In addition, Florida Statutes § 736.1008(2) and the Florida common law allow a court to adjudicate and approve trust accountings.

25.     Plaintiff is seeking a judgment from this Court approving the Accounting prepared by Plaintiff (attached hereto as Exhibit "D") for the period of October 31, 2011 through April 30, 2015 and discharging Plaintiff of any further responsibility in connection with the approved acts.

WHEREFORE, Plaintiff, G. CLIFFORD ABROMATS, indvidually and as Trustee of the Gloria J. Abromats Revocable Trust u/t/d September 15, 2005, as amended, respectfully requests the entry of a final judgment approving the accounting of the Trust for the period of October 31, 2011 through April 30, 2015, discharging Plaintiff of any further responsibility in connection with the approved acts, and for such other and further relief as this Court deems appropriate.

Dated:   November 19, 2015

> GUTTER CHAVES JOSEPHER
> RUBIN FORMAN FLEISHER P.A.
> Attorneys for G. Clifford Abromats, individually and as
> Trustee of the Gloria J. Abrmats Revocable Trust
> u/a/d September 15, 2005
> 2101 Corporate Boulevard, Suite 107
> Boca Raton, FL  33431
> Telephone:  (561) 998-7847
>
>
> BY:     /s/ Peter J. Forman
>         PETER J. FORMAN
>         Florida Bar No. 180360

**EXHIBIT A**

## THE GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT

THIS INDENTURE dated the 15th day of September, 2005, between GLORIA J. ABROMATS, of Broward County, Florida (hereinafter called the "Grantor") and GLORIA J. ABROMATS, (hereinafter called the "Trustee").

### W I T N E S S E T H:

WHEREAS, the Grantor desires to create a trust for the purposes hereinafter mentioned.

NOW, THEREFORE, the Grantor hereby transfers to the Trustee the property set forth in Schedule A hereto annexed, IN TRUST, as follows:

### ARTICLE ONE

THIS AGREEMENT shall be known as The GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT dated September 15, 2005, and it shall be referred to as such in any instrument of transfer, deed, assignment or devise.

### ARTICLE TWO

The Grantor desiring to establish this Trust conveyed, transferred, assigned, and delivered to the Trustee all of the Grantor's right, title, and interest in the property listed in Schedule "A" to the original of this Agreement, the receipt of which is hereby acknowledged by the Trustee, to have and to hold that property, together with any other property transferred to the Trustee under this Agreement (referred to collectively as the "trust estate"),in trust for the purposes stated in the following Articles.

### ARTICLE THREE

Subject to the willingness of the Trustee to accept the assets, the Grantor or any other person has the right at any time and from time to time to add any other real or personal property to the principal of the trust estate by gift or devise. All additions shall be held, invested, administered, and distributed in accordance with the provisions of this Agreement, unless otherwise specifically provided in the conveyance to the trust.

### ARTICLE FOUR

The Grantor is married to GEORGE E. ABROMATS, (who is referred to as "Grantor's spouse" in this instrument).

1

EXHIBIT 16

**EXHIBIT A**

EXHIBIT A

## ARTICLE FIVE

A.     <u>Alteration, Revocation, or Amendment.</u> Grantor reserves the right to alter, amend, or revoke this Trust Agreement, at any time and from time to time, either in whole or in part, without the consent of the Trustee or any beneficiary hereunder, by written notice to the Trustee to that effect. Grantor also reserves the right and power to withdraw any asset deposited hereunder without the consent of any beneficiary hereunder.

B.     <u>Grantor's Reserved Powers Over Trust Management.</u> If at any time during the continuance of this trust someone other than Grantor is serving as a Trustee hereunder, then the powers of the Trustee shall be subject to the following limitation. During Grantor's lifetime, except during any period of Grantor's incompetency or incapacity due to illness, the Trustee shall not sell, invest, or reinvest any part of the trust estate without the prior approval of Grantor, and the Trustee shall follow any written direction of Grantor with respect to the sale, investment, or reinvestment of the trust estate. Failure of Grantor to disapprove in writing a recommendation by the Trustee within ten (10) days after the mailing thereof to Grantor shall constitute approval of the recommendation.

The Trustee shall not be accountable for losses sustained because of action taken or not taken pursuant to the exercise by Grantor of Grantor's power over the management of the trust estate as provided herein. No person dealing with the Trustee need inquire whether or not the requirements of paragraph B of this Article Five have been complied with.

C.     <u>Personal to Grantor.</u> No person (including a guardian or conservator of Grantor) other than Grantor may exercise any of the rights reserved to Grantor by the provisions of this Article Five.

## ARTICLE SIX

The Trustee shall hold, manage, invest, and reinvest the trust assets and shall collect and distribute such of the net income and principal of the trust to Grantor or any other person that Grantor may from time to time request. If the Grantor becomes incapacitated, for as long as the incapacity continues, the Trustee shall pay to or apply for the benefit of the Grantor or of Grantor's dependents such sums from the income or principal of the trust estate as the Trustee in the Trustee's sole and absolute discretion deems appropriate for the care, support, comfort, maintenance, and general welfare of the Grantor or of Grantor's dependents, taking into consideration the standard of living to which the Grantor and Grantor's dependents are then accustomed. Such payments shall include, but are not limited to, direct payments: to any landlord, hotel keeper, hospital, or nursing home; for services rendered in connection with any medical or dental care; for any and all bills for services rendered in furnishing food, clothing, transportation, educational expenses, legal services, or any other services needed or required, upon proper substantiation by those performing the services; and for preparation of returns and payment of any and all taxes which Grantor and Grantor's dependents may be obligated to pay under the provisions of any applicable state or federal law. Any payment or use of any portion of the income or principal of the trust estate for any of the purposes expressed herein shall not be subject to question by any person or by any court.

2

EXHIBIT 16

EXHIBIT A

## ARTICLE SEVEN

Upon the Grantor's death, the Trustee shall distribute all the property then belonging to the income and principal of the Trust, together with all property distributed to the Trustee as a result of the Grantor's death, whether by Will or otherwise (all such property referred to as the Trust Fund) as follows:

### SECTION ONE

In case the Grantor's probate estate (excluding the income thereof) is insufficient to pay her funeral expenses, all claims against her estate, the expenses of administering her estate, all death taxes chargeable to her estate and to satisfy all pre-residuary legacies or devises given by her will, the Trustee shall make available to the Grantor's legal representatives, out of the trust fund, such sum or sums as such legal representatives shall certify to be required to make good such deficiency. The Trustee shall also pay out of the trust fund (i) all expenses of administration of the trust fund (including but not limited to the commissions of the Trustee and attorneys' fees) payable from the principal of the trust fund after the Grantor's death and until the division of the trust fund into separate trusts is completed, and (ii) all death taxes chargeable to the trust fund as a result of the Grantor's death.

### SECTION TWO

If the Gantor's husband, GEORGE E. ABROMATS, survives the Gantor, the Trustee shall set apart from the trust fund a sum equal to the largest amount, if any, that can pass free of federal estate tax under this Section by reason of the unified credit and state death tax credit (provided that use of this credit does not require an increase in the state death taxes paid) allowable to the Grantor's estate, but no other credit, and after taking account of property passing outside of this indenture (whether by the Grantor's will or otherwise) which is includable in the Grantor's gross estate and does not qualify for the marital or charitable deduction and after taking account of charges to principal that are not allowed as deductions in computing the Grantor's federal estate tax. For the purpose of establishing the sum disposed of by this Section the values finally fixed in the federal estate tax proceeding relating to the Grantor's estate shall be used. The Grantor recognizes that no sum may be disposed of by this Section and that the sum so disposed of may be affected by the action of the Trustee and the Grantor's legal representatives in exercising certain tax elections.

The Trustee shall hold said sum IN TRUST (hereinafter called the "Credit Shelter Trust", to invest and reinvest the same until the death of the Grantor's said husband, said period being hereinafter called the "trust term." During the trust term, the Trustee shall pay out of the net income or principal or both such amount or amounts (whether equal or unequal, and whether the whole or a lesser amount) as the Trustee may in her sole discretion determine to the Grantor's husband, for his health, education, maintenance and support. In exercising this discretionary power, the Trustee may, but need not, consider any other resources of the Grantor's husband and it is the Grantor's hope (but not her direction) that the Trustee will give primary consideration to the needs and desires of her said husband. Any net income not so paid shall be added to principal.

3

EXHIBIT 16

EXHIBIT A

Upon the expiration of the trust term the trustee shall distribute the remaining principal and interest as provided for in SECTION THREE of this Article.

SECTION THREE

The Trustee shall distribute the balance of the Trust to Grantor's husband, GEORGE E. ABROMATS, if he survives the Grantor. In the event he does not survive the Grantor the Trustee shall distribute the balance of the Trust to Grantor's children, PHILIP E. ABROMATS and GEORGE CLIFFORD ABROMATS, to be divided equally between them, per stripes

ARTICLE EIGHT

The Grantor reserves the right at any time or from time to time during her life, (a) by an instrument signed by her and delivered to the Trustee, to revoke the Trust hereby created in whole or in part, without the consent of any other person, or (b) by a like instrument signed and acknowledged by her and delivered to the Trustee, to amend this indenture, provided that the duties, responsibilities and rate of compensation of the Trustee shall not be altered without the Trustee's written consent. The Trustee shall be under no duty to inquire into the circumstances surrounding any revocation or amendment (including whether the revocation or amendment was procured by undue influence), except to be satisfied that the Grantor is competent to execute the instrument delivered to the Trustee.

ARTICLE NINE

Upon the death of, resignation, inability to serve or disability of the Trustee Grantor's husband, GEORGE E. ABROMATS, shall serve as Successor Trustee. Upon the death of, resignation, inability to serve or disability of Grantor's husband, GEORGE E. ABROMATS, then in that event Grantor's son, GEORGE CLIFFORD ABROMATS, shall serve as Successor Trustee. Upon the death of, resignation, inability to serve or disability of Grantor's son, GEORGE CLIFFORD ABROMATS, then in that event Grantor's son, PHILIP E. ABROMATS, shall serve as Successor Trustee.

No bond shall be required of any Trustee named herein.

ARTICLE TEN

The Grantor shall be considered to be under a legal disability if by reason of illness or mental or physical disability she is unable to participate in or give prompt and intelligent consideration to any business and/or financial matters, and the determination as to her inability at any time shall be made by two doctors of medicine, one of whom certifies that she is the Grantor's personal physician and both of whom certify that because of illness, or incapacity of any kind on the Grantor's part, it is their opinions that the Grantor cannot participate in or give prompt and intelligent consideration to any business and/or financial matters or a guardian of the person and property has been appointed

4

EXHIBIT 16

EXHIBIT A

for the Grantor. The Trustee herein may rely on the physicians' written notice or the court issuance of the appropriate guardianship papers.

## ARTICLE ELEVEN

Subject to the powers retained by the Grantor, the Trustee, and any successor Trustee, shall have fullest power to deal with any property held in the trust estate, which may be exercised without the prior or subsequent approval of any court or judicial authority, at all times. No persons dealing with the Trustee shall be required to inquire into the propriety of any of the Trustee's actions, or to inquire into the application of any funds or any property it may receive. The Trustee shall, however, exercise all powers in a fiduciary capacity for the best interest of the beneficiaries of the trusts created hereunder. Without in any way limiting the generality of the foregoing, the Trustee (hereafter referred to as the "fiduciary," singularly or collectively as the case may be) shall have the following specific powers in addition to any other powers conferred by law:

A. To hold funds uninvested in such amounts as the fiduciary may deem appropriate, and to invest in such assets as the fiduciary shall deem advisable even though they are not technically recognized as legal investments for fiduciaries, including, but not limited to, real estate, general partnerships, real estate, leaseholds, or groves, without responsibility for depreciation or loss by or on account of such investments.

B. To retain the original assets received by the fiduciary for such time as the fiduciary shall deem best, and to dispose of such assets by sale, exchange, or otherwise, as and when the fiduciary shall deem advisable. Grantor waives the provisions of section 738.12, Florida Statutes.

C. To invest in common trust funds administered by any corporate fiduciary.

D. To perform in a fiduciary capacity any act and make any and all decisions or elections under state laws or under the Internal Revenue Code, including, but not limited to, joining in the filing of income and gift tax returns with a surviving spouse, claiming the whole or any part of the expenses of administration as income tax deductions, selecting taxable years, and dates of distribution. The fiduciary is excused from making equitable adjustments among affected beneficiaries.

E. To expend such funds as the fiduciary may deem proper for the preservation and maintenance of assets.

F. To employ and compensate attorneys, accountants, managers, agents, assistants, and advisors and to do so without liability for any act of such persons so long as such persons are selected and retained by the exercise of reasonable care.

G. To execute deeds, leases, contracts, bills of sale, notes, and other written instruments convenient in the administration of any trust created by this Agreement.

5

EXHIBIT 16

EXHIBIT A

H.   To establish and maintain reasonable reserves for depreciation on property subject to depreciation under generally accepted accounting principles as a charge against income and a credit to principal.

I.   To apply any sum that is payable to or for the benefit of an infant or an incompetent, or any person who in the judgment of the fiduciary is incapable of making proper disposition thereof, by payments directly to such beneficiary, by payments in discharge of the beneficiary's bills, or by payments to anyone with whom the beneficiary resides or who has the care or custody of the beneficiary, temporarily or permanently, all without the intervention of any guardian, committee, or like fiduciary. The receipt of anyone to whom payment is so made shall be a complete discharge to the fiduciary. The fiduciary may apply any such sum without regard to other resources that the beneficiary may have or the duty of any other person to support the beneficiary, and the fiduciary shall have no obligation to see to the further application of such sum.

J.   To make any division or distribution under the terms hereof in money or in kind, or both, without allocating the same kind of property to all shares or distributees, without regard to the income tax basis of such assets and without regard to any law related to proportionality of distribution. Any such division or distribution made shall be binding and conclusive on all parties, and the fiduciary is hereby excused from any duty of impartiality with respect to any such division or distribution.

K.   To hold any assets in the name of a nominee with or without disclosing the fiduciary relationship, or to hold such property unregistered, but without thereby increasing or decreasing the fiduciary's liability.

L.   To borrow money for the benefit of any trust created by this Agreement and secure the same by collateral, mortgage, or otherwise.

M.   To compromise, arbitrate, or otherwise adjust claims in favor of or against any trust created by this Agreement.

N.   To participate in and consummate the liquidation, reorganization, consolidation, or other financial readjustment of any corporation or business in which any trust created under this Agreement shall be financially interested.

O.   To vote and exercise all rights and options, or empower another to vote and exercise such rights and options, concerning any corporate stock, securities, or other assets at any time owned by any trust created by this Agreement, and to enter into proxies and such other agreements or subscriptions as the fiduciary may deem advisable.

P.   To buy, sell, exchange, or lease any assets of any trust (either real or personal) created by this Agreement publicly or privately, for cash or on time, without order of court, and upon such terms and conditions as the fiduciary deems advisable. Any lease so made shall be valid and binding for the Trustee's full term even though it extends beyond the duration of administration of any trust

6

EXHIBIT 16

**EXHIBIT A**

created by this Agreement.

Q.   To exercise all powers herein, notwithstanding that the fiduciary may also be acting individually, or as a fiduciary of other estates or trusts, or as agent for another person or corporation interested in the same matters; provided, however, the fiduciary shall exercise such powers at all times in a fiduciary capacity primarily in the interest of the beneficiaries hereunder.

R.   To determine, in a fiduciary capacity, the manner in which the expenses incidental to or in connection with the administration of any trust created hereunder shall be apportioned as between principal and income. The fiduciary is relieved of the duty of impartiality between income beneficiaries and remaindermen, and shall consider the welfare of the current income beneficiaries paramount and that of remaindermen secondary; the fiduciary shall not be answerable to any subsequent beneficiary for anything done or omitted in favor of a current income beneficiary .

S.   To make cash advances or loans to beneficiaries with or without security.

T.   To carry insurance against such risks, for such amounts, and on such terms as the fiduciary may determine, with mutual insurers or otherwise.

U.   To borrow or lend money, or sell or purchase assets to or from Grantor's spouse, or Grantor's spouse's estate, at such rates of interest, at such prices, and upon such terms and conditions as the fiduciary deems advisable without liability or responsibility for any want of income or loss or diminution to the principal of any trust created hereunder.

V.   To abandon, in any way, property which the fiduciary determines not to be worth protecting.

W.   To receive as an addition to a trust any property, if acceptable to the fiduciary, that anyone may request be added to it.

X.   If the Grantor's spouse shall serve as fiduciary hereunder, and if the assets of the trust estate shall be comprised of any insurance policy or policies on the life of the Grantor's spouse, then the Grantor's spouse, individually and as fiduciary, shall have no incidents of ownership in said policy or policies including by way of example and not by way of limitation, the right to surrender said policies for their cash values, borrow the cash value, change the beneficiaries, elect settlement options and the like. This restriction of powers shall not be applicable, however, to any other fiduciary serving hereunder at any time.

Y.   If the Grantor has made arrangements for the sale or disposition of any business interests that Grantor may own at the time of Grantor's death and whether operated in the form of a sole proprietorship, partnership, or corporation, then the fiduciary shall carry out such agreement or agreements as expeditiously as possible. Otherwise, the fiduciary may continue to hold any such business interests for such period as the fiduciary may deem advisable, regardless of whether such business interest is of a class or diversification authorized by law for the investment of trust funds,

7

EXHIBIT 16

**EXHIBIT A**

and to operate as a sole proprietorship or as a partnership or corporation such business interests and any other business interest that may be acquired by any trust created hereunder and to do any and all things necessary or appropriate for the management and operation of such business interests, including, but not limited to, in addition to the other powers and authority conferred by law or contained in this Article, the following powers:

      1.  To control, direct, and manage the business directly or to delegate all or any part of the Trustee's power to supervise and operate, to such person or persons as the fiduciary may select, including any associate, partner, officer, or employee of the business.

      2.  To hire and discharge officers and employees, fix their compensation, and define their duties; and similarly to employ, compensate, and discharge agents, attorneys, consultants, accountants, and such other representatives as the fiduciary may deem appropriate, including the authority and power to employ any beneficiary in any of the foregoing capacities.

      3.  To make or obtain loans or advances on such conditions, at such rates of interest, and for such business purposes as may be deemed advisable; provided, however, non-business assets of any trust created hereunder shall not be invested in or loaned to or otherwise committed to any such business.

      4.  To take any action required to convert any corporation into a partnership or sole proprietorship or to organize a corporation under the laws of this or any other state and to transfer thereto all or any part of the business or interests and to receive in exchange therefor such stocks, bonds, and other securities as may be deemed advisable.

      5.  To treat the business as an entity separate from any trust created hereunder and in accountings to the beneficiaries, the fiduciary shall only be required to report the earnings and condition of the business in accordance with standard accounting practices.

      6.  To retain in the business operated as a sole proprietorship or partnership such amount of the net earnings for working capital and other purposes of the business as the fiduciary may deem advisable in conformity with sound business practice; provided, however, this paragraph 6 shall not apply to any trust intended to qualify for the federal estate tax marital deduction.

      7.  To sell or liquidate all or part of any business at such time and price and upon such terms and conditions (including credit) as the fiduciary may determine, including the authority and power to make such sale to any partner, officer, or employee of the business or to any beneficiary hereunder and to employ brokers or agents for such purposes.

      8.  To acquire additional interests in such business and to diminish, enlarge, or change the scope or nature of the activities of any business.

      9.  The Grantor is aware that certain risks are inherent in the operation of any business and in determining any question of liability for losses, it should be considered that the

8

EXHIBIT 16

**EXHIBIT A**

fiduciary is engaging in a speculative enterprise at the Grantor express request.

Z.   To continue to hold any real property or interest therein which are transferred by the Grantor or from the Grantor estate to any trust created hereunder, in the same manner as the absolute owner thereof, and whether held in fee, as lessee, lessor, or jointly as a joint tenant or a partner for such period as the fiduciary may deem advisable and regardless of whether such real property is of a class or diversification authorized by law for the investment of trust funds and to operate as a sole proprietorship or as a partnership or corporation such real property and any other real property which may be acquired by a trust created hereunder and to do any and all things necessary for the appropriate management and operation of real property including, but not limited to, in addition to the other powers of authority conferred by law or contained in this Article, the following powers:

1.   To manage or develop any real property in such manner as the fiduciary may determine; to sell, transfer, or exchange any such real property upon such terms and conditions as may be deemed advisable; to make, renew, or modify leases on such property for such rentals and on such terms as the fiduciary may determine, irrespective of whether the term of any such lease may extend beyond the administration of any trust created hereunder to erect buildings or improvements thereon, to abandon such property, to adjust boundaries, to partition and pay sums necessary to equalize such partition, to erect or demolish buildings thereon, to convert for a different use, to dedicate for public use without compensation, to grant easements, to waive payment for property taken by right of eminent domain, to insure for any or all risks, to grant options, to enter party wall contracts, to protect out of the general funds of any trust created hereunder, to insure or perfect title, and to charge the costs of any action taken with regard to any such real property to the principal or income as the fiduciary may determine.

2.   To make all ordinary repairs on any real property and such extraordinary repairs, alterations, or improvements a the fiduciary may deem advisable, and to charge all ordinary repairs against the income and all extraordinary repairs alterations, or improvements against the principal of which the property being repaired, altered, or improved forms a part.

3.   To mortgage such property in such amount or otherwise obtain loans or advances, on such conditions, and such rates of interest as may be deemed advisable or to modify, renew subordinate, or extend any such mortgage; provided, however, other assets of any trust created hereunder shall not be invested in or loaned to or otherwise committed to any such business.

4.   With respect to any real property which is damaged or destroyed, whether by fire, storm, or otherwise, to repair or rebuild such property in such manner as the fiduciary may determine, using the proceeds of any insurance which may become available as a result of such damage or destruction, or, to the extent that such insurance is not sufficient, principal or income as may be advisable.

5.   To set up such reserves out of income, as the fiduciary may determine, for taxes, assessments, repairs, depreciation and general upkeep on real property; provided, however, this paragraph 5 shall not apply to any trust intended to qualify for the federal estate tax marital

9

EXHIBIT 16

EXHIBIT A

deduction.

       6. To hire agents to operate and manage any real property, or any interest therein, and to employ brokers or agents to sell or otherwise dispose of any real property or any part thereof.

       7. To take any action required to convert any corporation into a partnership or sole proprietorship or to organize a corporation under the laws of this or any other state and to transfer thereto all or any part of the real property, and to receive in exchange therefor such stocks, bonds, and other securities as may be deemed advisable.

       8. To treat the real property development as an entity separate from any trust created hereunder and in accountings to the beneficiaries, the fiduciary shall only be required to report the earnings and condition of the real property in accordance with standard accounting practices.

       9. The Grantor is aware that certain risks are inherent in the operation of any real property and in determining any question of liability for losses, it should be considered that the fiduciary is engaging in a speculative enterprise at the Grantor's express request.

       AA. The trustee is authorized in the Trustee's sole discretion after the grantor's incapacity, or after, in the trustee's judgment, reasonable doubt exists regarding the capacity of the grantor, to make gifts of the trust principal to continue any gift program which the grantor had previously commenced to make use of the available federal gift tax annual exclusion, including consent gifts by the grantor's spouse. Such gifts may be made outright or in trust.

## ARTICLE TWELVE

       As compensation for services hereunder the Trustee may, at her option, receive reasonable fees for her services; in the case of a corporate trustee, it may charge fees according to the schedule of fees it then has in existence for Trusts of comparable size. Such commissions may be charged currently or deferred in the discretion of the Trustee.

       The Trustee shall have the right to make a reasonable charge each year for her services in preparing income and other tax returns for the Trust Estate. Such charge may be made to the principal of the Trust Estate or to the income thereof or partly to one and partly to the other in the discretion of the Trustee.

## ARTICLE THIRTEEN

       This Indenture shall be construed and regulated by and in accordance with, and the Trusts hereby created shall be governed by, the laws of the State of Florida.

## ARTICLE FOURTEEN

       No income or principal beneficiary of any Trust shall have the right or power to anticipate,

10

EXHIBIT 16

EXHIBIT A

pledge, assign, sell, transfer, alienate or encumber his or her interest in the Trust, in anyway. No interest in any Trust shall, in any manner, be liable for or subject to the debts, liabilities or obligations of such beneficiaries or claims of any sort against such beneficiary.

### ARTICLE FIFTEEN

In order to facilitate the convenient administration of this Trust, including the registration and transfer of the assets to and from this Trust, any Trustee shall have the power to execute a CERTIFICATE OF TRUST describing any trust matter including, but not limited to, a description of the trust terms, and the identity of any current Trustee. Any person who receives the original or photocopy of the Certificate of Trust shall be held harmless for relying on same, and shall not be obligated to inquire into the terms of this Trust or maintain a copy of this Trust.

### ARTICLE SIXTEEN

If at any time the Trust or any one of the Trusts created hereunder shall be in the aggregate principal value of $50,000.00 or less, the Trustee may terminate such trust and distribute the assets thereof in the Trustee's possession to the beneficiaries; the share of each being the same proportion as he or she is a beneficiary under the terms of this Trust.

### ARTICLE SEVENTEEN

As used in this Trust, masculine, feminine and neuter pro-nouns shall each include all genders, the singular shall include the plural and the plural shall include the singular.

### ARTICLE EIGHTEEN

Acceptance of Trust. The Trustee hereby accepts the trust herein created.

11

EXHIBIT 16

**EXHIBIT A**

IN WITNESS WHEREOF, the parties hereto have executed this instrument in duplicate the day and year first above written.

SIGNED, SEALED AND DELIVERED
IN THE PRESENCE OF:


WITNESS: Sherry L. Hopkins

WITNESS: Vicki Pereira

GLORIA J. ABROMATS, Grantor


WITNESS: Sherry L. Hopkins

WITNESS: Vicki Pereira

GLORIA J. ABROMATS, Trustee


This document, consisting of a total of thirteen (13) typewritten pages, was signed by GLORIA J. ABROMATS, as Grantor and as Trustee, declared by GLORIA J. ABROMATS, in our presence, to be the GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT, as we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 15th day of September, 2005.


Sherry L. Hopkins        of        4530 North Federal Highway
                                    Fort Lauderdale, FL 33308


Vicki Pereira            of        4530 North Federal Highway
                                    Fort Lauderdale, FL 33308


12


EXHIBIT 16

**EXHIBIT A**

 **COPY**

## SECOND AMENDMENT TO THE
## GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT

THIS SECOND AMENDMENT made this January 19, 2011, between GLORIA J. ABROMATS, hereinafter called the "Grantor", and GLORIA J. ABROMATS, hereinafter called the "Trustee."

WHEREAS, GLORIA J. ABROMATS did on the 15th day of September, 2005, create that certain Trust Agreement wherein GLORIA J. ABROMATS was Grantor and Trustee; and

WHEREAS, GLORIA J. ABROMATS did on the 18th day of November, 2009, create that certain First Amendent to that said Trust Agreement wherein GLORIA J. ABROMATS was Grantor and Trustee; and

WHEREAS, the Grantor reserved unto herself under Paragraph A, of Article FIVE of the original Trust Agreement dated September 15, 2005, the right to amend, alter, revoke or terminate, in whole or in part, any provision of said instrument; and

THEREFORE, pursuant to the power of amendment reserved to the Grantor by Article FIVE of the Trust Agreement dated September 15, 2005, between GLORIA J. ABROMATS as Grantor and Trustee, I, GLORIA J. ABROMATS, as Grantor, amend the Restatement of Trust Agreement as follows:

1.      I revoke Section TWO and Section THREE of Article SEVEN in there entirety, and replace same with the following:

### SECTION TWO

The Trustee shall distribute the balance of the Trust as follows:

A. The Trustee shall distribute the sum of One Hundred Fifty Thousand Dollars ($150,000.00) to Grantors niece, AUDREY JOYCE, if she survives the Grantor.

B. The Trustee shall distribute the balance of the trust to Grantor's son, GEORGE CLIFFORD ABROMATS.

In the event GEORGE CLIFFORD ABROMATS should predecease the Grantor, then in that event his share of the TRUST shall be distributed to the GEORGE CLIFFORD ABROMATS REVOCABLE TRUST AGREEMENT dated November 12, 2009.

Grantor hereby acknowledge that she has made no provision herein for her son, PHILIP

1

**EXHIBIT B**

**EXHIBIT A**

E. ABROMATS, as she feels that she has otherwise provided for him during her lifetime.

2.    I revoke all Article NINE in its entirety, and replace same with the following:

### ARTICLE NINE

Upon the death of, resignation, inability to serve or disability of the Trustee Grantor's son, GEORGE CLIFFORD ABROMATS, shall serve as Successor Trustee. Upon the death of, resignation, inability to serve or disability of Grantor's son, GEORGE CLIFFORD ABROMATS, then in that event Grantor's attorney, JACK A. BAXTER, JR., shall serve as Successor Trustee. Upon the death of, resignation, inability to serve or disability of Grantor's attorney, JACK A. BAXTER, JR., then in that event Grantor's daughter-in-law, JANICE J. WOROBEC, shall serve as Successor Trustee.

No bond shall be required of any Trustee named herein.

3.    In all other respects I confirm the terms and provisions of the Trust Agreement dated September 15, 2005, as amended.

IN WITNESS WHEREOF, the parties hereto have executed this instrument the day and year first above written.

_____
GLORIA J. ABROMATS, Grantor

_____
GLORIA J. ABROMATS, Trustee

2

**EXHIBIT A**

This document, consisting of a total of four (4) typewritten pages, was signed by GLORIA J. ABROMATS, as Grantor and as Trustee, and declared by GLORIA J. ABROMATS, in our presence, to be the SECOND AMENDMENT TO THE GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT, and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this January 19, 2011.

SHERRY HOPKINS     of     4530 North Federal Highway
Fort Lauderdale, FL 33308

VICKI PEREIRA     of     4530 North Federal Highway
Fort Lauderdale, FL 33308

3

**EXHIBIT A**

STATE OF FLORIDA          )
                          :ss:
COUNTY OF BROWARD  )

I, GLORIA J. ABROMATS, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as the SECOND AMENDMENT TO THE GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT dated September 15, 2005.

_____
GLORIA J. ABROMATS, Grantor/Trustee

We, SHERRY HOPKINS and VICKI PEREIRA, have been sworn by the officer signing below, and declare to that officer on our oaths that GLORIA J. ABROMATS declared the foregoing instrument to be the SECOND AMENDMENT TO THE GLORIA J. ABROMATS REVOCABLE TRUST AGREEMENT dated September 15, 2005, and signed it in our presence and that we each signed the instrument as a witness in the presence of GLORIA J. ABROMATS and of each other.

_____
SHERRY HOPKINS, Witness

_____
VICKI PEREIRA, Witness

Acknowledged and subscribed before me by the Grantor/Trustee, GLORIA J. ABROMATS, who is personally known to me, and sworn to and subscribed before me by the witnesses, SHERRY HOPKINS and VICKI PEREIRA, who are personally known to me, and subscribed by me in the presence of the Grantor/Trustee and the subscribing witnesses, all on January 19, 2011.

_____
Notary Public

My Commission Expires:

4

**EXHIBIT A**

## FIRST SEPTEMBER 30, 2011 MODIFICATION OF TRUST AGREEMENT

I, **GLORIA J. ABROMATS**, as Settlor, executed in or around 2005 a certain Trust Agreement called the Gloria J. Abromats Revocable Trust Agreement, which was thereafter amended and restated, whereby I specifically reserved the right at any time or times to amend, modify or revoke the Trust Agreement in whole or in part by instrument in writing delivered to the Trustee.

I hereby **MODIFY** the said Trust Agreement including any and all prior modifications and/or amendments with the following directive, to wit, that I hereby **DIRECT** the trustee thereof, whoever may serve in that capacity now or in the future, not to demand, collect, attempt to collect, sue upon, or assign, any note made payable to the trust by my sons Clifford Abromats or Philip Abromats, or either of them; or their wives, or either of them; or either of my sons and his wife jointly and severally, until one year after my death

IN WITNESS WHEREOF, I, **GLORIA J. ABROMATS**, have signed this modification on September 30, 2011.

_____(SEAL)
**GLORIA J. ABROMATS**

I certify that the above document was signed on September 30, 2011, and declared by **GLORIA J. ABROMATS** as her Modification of Trust Agreement in my presence.

_____
Witness

_____
Witness

Page 1 of 4

**EXHIBIT C**

EXHIBIT 3

**EXHIBIT A**

STATE OF FLORIDA          )
COUNTY OF BROWARD          )

On this _30th_ day of September 2011, before me, the subscriber, appeared **GLORIA J. ABROMATS**, personally known to me or has produced _FL ID._____ as identification, and known to me to be the person described in and who executed the within instrument, and she duly acknowledged to me that she executed the same.



_____
Notary Public
My commission expires:

The foregoing instrument, consisting of two (2) pages, including this page, was subscribed published and declared by **GLORIA J. ABROMATS** to be her FIRST MODIFICATION OF TRUST AGREEMENT, in the presence of us, who in her presence, at her request, and in the presence of each other, have subscribed our names as witnesses.

_____
Witness

Address  _2287 NE 122 ST_
_Miami, FL 33181_

_____
Witness

Address  _2475 NW 38 St_
_Miami, FL 33142_

Page 2 of 4

EXHIBIT 3

**EXHIBIT A**



EXHIBIT 3

**EXHIBIT A**

## SECOND SEPTEMBER 30, 2011
## MODIFICATION OF TRUST AGREEMENT

I, **GLORIA J. ABROMATS**, as Settlor, executed in or around 2005 a certain Trust Agreement called the Gloria J. Abromats Revocable Trust Agreement, which was thereafter amended and restated, whereby I specifically reserved the right at any time or times to amend, modify or revoke the Trust Agreement in whole or in part by instrument in writing delivered to the Trustee.  I also acknowledge that earlier today, I executed another modification under which I directed my trustee not to collect, attempt to collect, or assign any note made out in favor of said trust by either of my sons or their wives until one year after my death, which amendment I intend to remain in full force and effect.

I hereby **REVOKE** the Trust Amendment dated on or about January 19, 2011, in its entirety, and any prior or subsequent amendments and restatements thereto, to the extent any such amendment purported or purports to remove my son Philip Edward Abromats as an equal beneficiary with his brother, G. Clifford Abromats, of said trust after my demise. It is and has been my intent for many years that my two sons, Clifford and Philip, should share equally in the proceeds of my trust upon my death, subject only to adjustments representing the sums each of my sons borrowed against his future inheritance during my lifetime so that no son would unfairly benefit by borrowing more than the other but that each would still receive an equal share of the trust proceeds.  This provision shall be severable from the first September 30, 2011 trust amendment (above), if said First September 30, 2011 amendment shall in any way be declared invalid, and this provision will survive.

I hereby also **DECLARE** this trust, including but not limited to the distribution of the trust and the identities of the beneficiaries, to be **IRREVOCABLE** from this point forward.

IN WITNESS WHEREOF, I, **GLORIA J. ABROMATS**, have signed this modification on September 30, 2011.

_____(SEAL)
**GLORIA J. ABROMATS**

Page 3 of 4

EXHIBIT 3

**EXHIBIT A**

I certify that the above document was signed on Sept. 30, 2011, and declared by **GLORIA J. ABROMATS** as her Second Modification of Trust Agreement in my presence.

_____
Witness

_____
Witness

STATE OF FLORIDA          )
COUNTY OF BROWARD     )

On this **30**th day of September 2011, before me, the subscriber, appeared **GLORIA J. ABROMATS**, personally known to me or has produced _FL I.D._ as identification, and known to me to be the person described in and who executed the within instrument and she duly acknowledged to me that she executed the same.

ORLANDO OLIVO
Notary Public - State of Florida
My Comm. Expires Jun 25, 2013
Commission # DD 891062

_____
Notary Public
My commission expires:

The foregoing instrument, consisting of two (2) pages, including this page, was subscribed published and declared by **GLORIA J. ABROMATS** to be her SECOND MODIFICATION OF TRUST AGREEMENT, in the presence of us, who in her presence, at her request, and in the presence of each other, have subscribed our names as witnesses.

_____
Witness

Address _2287 NE 122 ST_
_Miami FL 33181_

_____
Witness

Address _2175 NW 38St_
_Miami, Fl. 33142_

Page 4 of 4

**EXHIBIT 3**

**EXHIBIT A**



EXHIBIT 3

**EXHIBIT A**

**GLORIA J. ABROMATS TRUST UA DTD 9/15/2005**

**TRUST ACCOUNTING AS OF**
**APRIL 30, 2015**
**AND**
**ACCOUNTANTS' COMPILATION REPORT**

**EXHIBIT D**

**EXHIBIT A**



**Ahearn Jasco + Company**

190 Southeast 19th Avenue
Pompano Beach, Florida 33060
www.ahearncpa.com

Business and Financial Consultants
Certified Public Accountants
Chartered

Toll Free 877-781-8803
Phone 954-781-8800
Fax 954-785 8673

## ACCOUNTANTS' COMPILATION REPORT

Gloria J. Abromats Trust
Buffalo, NY

We have compiled the accompanying trust accounting of the Gloria J. Abromats Trust as of April 30, 2015, including the activity of the trust for the period October 31, 2011 through April 30, 2015. We have not audited or reviewed the accompanying estate accounting and, accordingly, do not express an opinion or provide any assurance about whether the estate accounting is in accordance with the form prescribed by the Uniform Principal and Income Act.

The trustee of the Gloria J. Abromats Trust is responsible for the preparation and fair presentation of the trust accounting in accordance with the Uniform Principal and Income Act and for designing, implementing, and maintaining internal control relevant to the preparation and fair presentation of the trust accounting.

Our responsibility is to conduct the compilation in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants. The objective of a compilation is to assist the trustee of the George E Abromats Trust in presenting financial information in the form of a trust accounting without undertaking to obtain or provide any assurance that there are no material modifications that should be made to the trust accounting.

This trust accounting was prepared for the purpose of complying with the requirements of the Uniform Principal and Income Act and is not intended to be a presentation in conformity with accounting principles generally accepted in the United States of America.

This report is intended solely for the information and use of the trustee and beneficiaries and is not intended to be and should not be used by anyone other than these specified parties.

AHEARN, JASCO + COMPANY, P.A.
Certified Public Accountants

Pompano Beach, Florida
November 2, 2015

American Institute of Certified Public Accountants · PCAOB Registered · Private Companies Practice Section

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

## SUMMARY

| | | | | |
|---|---|---|---:|---:|
| I. Balance at October 31, 2011 (at cost) | | | | $  650,768.82 |
| | | | | |
| II. Receipts | | | | |
| Schedule A | Income | | $  312,424.95 | |
| | Principal | | 257,492.06 | |
| | | Subtotal | | $  569,917.01 |
| | | | | |
| III. Disbursements | | | | |
| Schedule B | Income | | $  (518,842.00) | |
| | Principal | | (811,491.21) | |
| | | Subtotal | | $ (1,330,333.21) |
| | | | | |
| IV. Distributions | | | | |
| Schedule C | Income | | $            - | |
| | Principal | | - | |
| | | Subtotal | | $            - |
| | | | | |
| V. Capital Transactions and Adjustments | | | | |
| Schedule D | Net Gain | | $  585,579.29 | |
| | Net Loss | | (12,151.78) | |
| | | Subtotal | | $  573,427.51 |
| | | | | |
| VI. Assets on Hand at Close of Accounting Period (at cost basis): | | | | |
| Schedule E | | | | $  463,780.13 |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule A - Receipts During Period
(Does not include receipts from sale of other dispositions of
principal assets.  Such transactions are shown on Schedule D.)

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
| **WELLS FARGO BROKERAGE ACCOUNT #8943** | | | |
| Nov. 2011 | Interest Income | 1.85 | |
| Dec. 2011 | Interest income | 1.81 | |
| Dec. 2011 | Dividend Income - EQT Corp | 1,650.00 | |
| Dec. 2011 | Dividend Income - Fidelity Sec Fd (reinvested) | 228.87 | |
| Jan. 2012 | Interest Income | 1.17 | |
| Jan. 2012 | IRA Minimum Distribution 2012 | 6,126.95 | |
| Feb. 2012 | Interest Income | 0.81 | |
| Feb. 2012 | Dividend Income - Yum Brands Inc | 570.00 | |
| Mar. 2012 | Interest Income | 0.87 | |
| Mar. 2012 | Dividend Income - EQT Corp | 1,650.00 | |
| Apr. 2012 | Interest Income | 0.63 | |
| May 2012 | Interest Income | 0.50 | |
| May 2012 | Dividend Income - Yum Brands Inc | 570.00 | |
| June 2012 | Interest Income | 0.31 | |
| June 2012 | Dividend Income - EQT Corp | 1,650.00 | |
| July 2012 | Interest Income | 0.26 | |
| Aug. 2012 | Interest Income | 1.24 | |
| Aug. 2012 | Dividend Income - Yum Brands Inc | 570.00 | |
| Sept. 2012 | Interest Income | 3.27 | |
| Sept. 2012 | Dividend Income - EQT Corp | 1,650.00 | |
| Oct. 2012 | Interest Income | 2.98 | |
| Nov. 2012 | Interest Income | 2.62 | |
| Nov. 2012 | Dividend Income - Yum Brands Inc | 670.00 | |
| Dec. 2012 | Interest Income | 2.66 | |
| Dec. 2012 | Dividend Income - Home Depot Inc | 290.00 | |
| Jan. 2013 | Interest Income | 2.98 | |
| Feb. 2013 | Interest Income | 3.02 | |
| Feb. 2013 | Dividend Income - Yum Brands Inc | 670.00 | |
| Feb. 2013 | Dividend Income - Lowes Companies Inc. | 160.00 | |
| Mar. 2013 | Interest Income | 3.34 | |
| Mar. 2013 | Dividend Income - Home Depot Inc | 390.00 | |
| Apr. 2013 | Interest Income | 2.13 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule A - Receipts During Period
(Does not include receipts from sale of other dispositions of
principal assets.  Such transactions are shown on Schedule D.)

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
| **WELLS FARGO BROKERAGE ACCOUNT #8943 (continued)** | | | |
| May 2013 | Interest Income | 1.94 | |
| May 2013 | Dividend Income - Lowes Companies Inc. | 160.00 | |
| June 2013 | Interest Income | 2.48 | |
| June 2013 | Dividend Income - Boeing Inc. | 485.00 | |
| June 2013 | Dividend Income - Home Depot Inc | 390.00 | |
| July 2013 | Interest Income | 2.45 | |
| Aug. 2013 | Interest Income | 2.00 | |
| Aug. 2013 | Dividend Income - Lowes Companies Inc. | 180.00 | |
| Sept. 2013 | Interest Income | 1.31 | |
| Sept. 2013 | Dividend Income - Boeing Inc. | 485.00 | |
| Sept. 2013 | Dividend Income - Home Depot Inc | 390.00 | |
| Oct. 2013 | Interest Income | 1.43 | |
| Nov. 2013 | Interest Income | 1.35 | |
| Nov. 2013 | Dividend Income - Lowes Companies Inc. | 180.00 | |
| Nov. 2013 | Dividend Income - Apple Inc. | 610.00 | |
| Dec. 2013 | Interest Income | 0.79 | |
| Dec. 2013 | Dividend Income - Boeing Inc. | 363.75 | |
| Dec. 2013 | Dividend Income - Home Depot Inc | 390.00 | |
| Dec. 2013 | IRA Minimum Distribution 2013 | 5,575.50 | |
| Jan. 2014 | Interest Income | 0.37 | |
| Feb. 2014 | Interest Income | 0.42 | |
| Feb. 2014 | Dividend Income - Lowes Companies Inc. | 180.00 | |
| Feb. 2014 | Dividend Income - Apple Inc. | 610.00 | |
| Mar. 2014 | Interest Income | 0.66 | |
| Mar. 2014 | Dividend Income - Boeing Inc. | 547.50 | |
| Mar. 2014 | Dividend Income - Home Depot Inc | 470.00 | |
| Apr. 2014 | Interest Income | 0.44 | |
| May 2014 | Interest Income | 0.35 | |
| May 2014 | Dividend Income - Lowes Companies Inc. | 180.00 | |
| May 2014 | Dividend Income - Apple Inc. | 658.00 | |
| June 2014 | Interest Income | 0.13 | |
| June 2014 | Dividend Income - Boeing Inc. | 547.50 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

| | Schedule A - Receipts During Period | | |
|---|---|---|---|
| | (Does not include receipts from sale of other dispositions of | | |
| | principal assets.  Such transactions are shown on Schedule D.) | | |

| Date | Brief Description of Items | Income | Principal |
|---|---|---|---|
| **WELLS FARGO BROKERAGE ACCOUNT #8943 (continued)** | | | |
| June 2014 | Dividend Income - Home Depot Inc | 470.00 | |
| July 2014 | Interest Income | 0.12 | |
| Aug. 2014 | Interest Income | 0.13 | |
| Aug. 2014 | Dividend Income - Lowes Companies Inc. | 230.00 | |
| Aug. 2014 | Dividend Income - Apple Inc. | 658.00 | |
| Sept. 2014 | Interest Income | 0.72 | |
| Sept. 2014 | Dividend Income - Boeing Inc. | 547.50 | |
| Sept. 2014 | Dividend Income - Home Depot Inc | 470.00 | |
| Oct. 2014 | Interest Income | 0.74 | |
| Oct. 2014 | IRA Minimum Distribution 2014 | 5,984.56 | |
| Nov. 2014 | Interest Income | 0.16 | |
| Nov. 2014 | Dividend Income - Lowes Companies Inc. | 230.00 | |
| Nov. 2014 | Dividend Income - Apple Inc. | 658.00 | |
| Dec. 2014 | Interest Income | 0.02 | |
| Dec. 2014 | Dividend Income - Home Depot Inc | 470.00 | |
| Jan. 2015 | Interest Income | 0.12 | |
| Feb. 2015 | Interest Income | 0.04 | |
| Feb. 2015 | Dividend Income - Lowes Companies Inc. | 172.50 | |
| Feb. 2015 | Dividend Income - Apple Inc. | 658.00 | |
| Mar. 2015 | Interest Income | 0.05 | |
| Mar. 2015 | Dividend Income - Home Depot Inc | 442.50 | |
| Apr. 2014 | Interest Income | 0.05 | |
| | | | |
| **SUNTRUST CHECKING ACCOUNT #▮▮▮▮▮1405** | | | |
| 11/01/2011 | Dividend Income - Verizon | 60.00 | |
| 11/03/2011 | Dividend Income - Raytheon | 72.24 | |
| 11/03/2011 | Social Security Benefits | 1,773.00 | |
| 11/07/2011 | Rental Income | 1,725.00 | |
| 11/30/2011 | Interest Income | 0.33 | |
| 12/02/2011 | Social Security Benefits | 1,773.00 | |
| 12/30/2011 | Dividend Income - Frontier | 5.25 | |
| 12/30/2011 | Dividend Income - Travellers | 29.52 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

| | Schedule A - Receipts During Period | | |
| --- | --- | --- | --- |
| | (Does not include receipts from sale of other dispositions of principal assets.  Such transactions are shown on Schedule D.) | | |

| Date | Brief Description of Items | Income | Principal |
| --- | --- | --- | --- |
| **SUNTRUST CHECKING ACCOUNT #▮▮▮▮1405 (continued)** | | | |
| 12/30/2011 | Interest Income | 0.20 | |
| 01/03/2012 | Social Security Benefits | 1,851.00 | |
| 01/08/2012 | Rental Income | 1,800.00 | |
| 01/25/2012 | Deposit | 7,604.56 | |
| 01/31/2012 | Interest Income | 0.41 | |
| 02/01/2012 | Dividend Income - Verizon | 60.00 | |
| 02/02/2012 | Rental Income | 1,800.00 | |
| 02/03/2012 | Social Security Benefits | 1,851.00 | |
| 02/09/2012 | Dividend Income - Raytheon | 72.24 | |
| 02/17/2012 | Deposit | 6,244.65 | |
| 02/29/2012 | Interest Income | 0.27 | |
| 03/02/2012 | Social Security Benefits | 1,851.00 | |
| 03/08/2012 | Rental Income | 1,800.00 | |
| 03/30/2012 | Dividend Income - Frontier | 2.80 | |
| 03/30/2012 | Dividend Income - Travellers | 29.52 | |
| 03/30/2012 | Interest Income | 0.25 | |
| 04/03/2012 | Social Security Benefits | 1,851.00 | |
| 04/06/2012 | Rental Income reduced by repairs deducted | 1,427.39 | |
| 04/30/2012 | Interest Income | 0.17 | |
| 05/01/2012 | Dividend Income - Verizon | 60.00 | |
| 05/03/2012 | Social Security Benefits | 1,851.00 | |
| 05/07/2012 | Rental Income reduced by repairs deducted | 1,424.13 | |
| 05/31/2012 | Interest Income | 0.10 | |
| 06/01/2012 | Social Security Benefits | 1,851.00 | |
| 06/04/2012 | Rental Income | 1,800.00 | |
| 06/13/2012 | Deposit | 3,818.61 | |
| 06/29/2012 | Dividend Income - Travellers | 33.12 | |
| 06/30/2012 | Interest Income | 0.23 | |
| 07/03/2012 | Social Security Benefits | 1,851.00 | |
| 07/06/2012 | Rental Income | 1,800.00 | |
| 07/30/2012 | Interest Income | 0.18 | |
| 08/03/2012 | Social Security Benefits | 1,851.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule A - Receipts During Period
(Does not include receipts from sale of other dispositions of
principal assets.  Such transactions are shown on Schedule D.)

| Date | Brief Description of Items | Income | Principal |
|------|----------------------------|--------|-----------|
| **SUNTRUST CHECKING ACCOUNT** ▉▉▉▉**1405 (continued)** | | | |
| 08/06/2012 | Rental Income | 1,800.00 | |
| 08/31/2012 | Interest Income | 0.20 | |
| 08/31/2012 | Social Security Benefits | 1,851.00 | |
| 09/10/2012 | Rental Income | 1,800.00 | |
| 09/28/2012 | Dividend Income - Travellers | 33.12 | |
| 09/30/2012 | Interest Income | 0.15 | |
| 10/03/2012 | Social Security Benefits | 1,851.00 | |
| 10/09/2012 | Rental Income reduced by repairs deducted | 1,390.00 | |
| 10/31/2012 | Interest Income | 0.10 | |
| 11/02/2012 | Social Security Benefits | 1,851.00 | |
| 11/08/2012 | Rental Income reduced by repairs deducted | 1,350.00 | |
| 11/30/2012 | Interest Income | 0.12 | |
| 12/03/2012 | Social Security Benefits | 1,851.00 | |
| 12/07/2012 | Rental Income | 1,800.00 | |
| 12/31/2012 | Dividend Income - Travellers | 33.12 | |
| 12/31/2012 | Interest Income | 0.07 | |
| 01/03/2013 | Social Security Benefits | 1,880.00 | |
| 01/04/2013 | Rental Income | 1,800.00 | |
| 01/31/2013 | Interest Income | 0.09 | |
| 02/01/2013 | Social Security Benefits | 1,880.00 | |
| 02/01/2013 | Transfer from George Abromats Trust | 21,791.01 | 29,208.99 |
| 02/08/2013 | Rental Income | 1,800.00 | |
| 02/28/2013 | Interest Income | 0.67 | |
| 03/01/2013 | Social Security Benefits | 1,880.00 | |
| 03/08/2013 | Rental Income | 1,800.00 | |
| 03/29/2013 | Dividend Income - Travellers | 33.12 | |
| 03/29/2013 | Interest Income | 0.26 | |
| 04/03/2013 | Social Security Benefits | 1,880.00 | |
| 04/10/2013 | Rental Income | 1,800.00 | |
| 04/30/2013 | Interest Income | 0.13 | |
| 05/03/2013 | Social Security Benefits | 1,880.00 | |
| 05/08/2013 | Rental Income | 1,800.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule A - Receipts During Period
(Does not include receipts from sale of other dispositions of
principal assets.  Such transactions are shown on Schedule D.)

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
| **SUNTRUST CHECKING ACCOUNT #‌‌‌‌‌‌‌‌‌1405 (continued)** | | | |
| 05/31/2013 | Interest Income | 0.17 | |
| 06/03/2013 | Social Security Benefits | 1,880.00 | |
| 06/13/2013 | Rental Income | 1,800.00 | |
| 06/28/2013 | Cable TV Refund | 0.11 | |
| 06/28/2013 | Dividend Income - Travellers | 36.00 | |
| 07/01/2013 | Miscellaneous dividends | 179.46 | |
| 07/03/2013 | Social Security Benefits | 1,880.00 | |
| 07/09/2013 | Rental Income | 1,430.00 | |
| 07/31/2013 | Interest Income | 0.17 | |
| 08/02/2013 | Social Security Benefits | 1,880.00 | |
| 08/07/2013 | Rental Income | 1,471.00 | |
| 08/31/2013 | Interest income | 0.10 | |
| 09/03/2013 | Social Security Benefits | 1,880.00 | |
| 09/06/2013 | Rental Income | 1,035.00 | |
| 09/30/2013 | Dividend Income - Travellers | 36.00 | |
| 09/30/2013 | Interest income | 0.22 | |
| 10/03/2013 | Social Security Benefits | 1,880.00 | |
| 10/10/2013 | Rental Income | 1,800.00 | |
| 10/28/2013 | Reimburse | 185.10 | |
| 10/31/2013 | Interest Income | 0.21 | |
| 11/01/2013 | Social Security Benefits | 1,880.00 | |
| 11/07/2013 | Rental income | 1,800.00 | |
| 11/29/2013 | Interest Income | 0.16 | |
| 12/03/2013 | Social Security Benefits | 1,880.00 | |
| 12/09/2013 | Rental income | 1,800.00 | |
| 12/31/2013 | Dividend Income - Travellers | 36.00 | |
| 12/31/2013 | Interest Income | 0.14 | |
| 01/03/2014 | Social Security Benefits | 1,854.90 | |
| 01/08/2014 | Rental income | 1,800.00 | |
| 01/31/2014 | Interest Income | 0.35 | |
| 02/03/2014 | Social Security Benefits | 1,854.90 | |
| 02/04/2014 | Transfer from George Abromats Trust | 22,771.59 | 5,228.41 |
| 02/13/2014 | Rental Income | 1,800.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule A - Receipts During Period
(Does not include receipts from sale of other dispositions of
principal assets.  Such transactions are shown on Schedule D.)

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
| **SUNTRUST CHECKING ACCOUNT** ████ **1405 (continued)** | | | |
| 02/28/2014 | Interest Income | 0.29 | |
| 03/03/2014 | Social Security Benefits | 1,854.90 | |
| 03/04/2014 | Deposit | 10,000.00 | |
| 03/31/2014 | Dividend Income - Travellers | 36.00 | |
| 03/31/2014 | Interest Income | 0.26 | |
| 04/03/2014 | Social Security Benefits | 1,854.90 | |
| 04/30/2014 | Interest Income | 0.30 | |
| 05/02/2014 | Social Security Benefits | 1,854.90 | |
| 05/30/2014 | Interest Income | 0.27 | |
| 06/03/2014 | Social Security Benefits | 1,854.90 | |
| 06/19/2014 | Transfer from George Abromats Trust | | 9,478.87 |
| 06/30/2014 | Dividend Income - Travellers | 39.60 | |
| 06/30/2014 | Interest Income | 0.12 | |
| 07/03/2014 | Social Security Benefits | 1,854.90 | |
| 07/18/2014 | Transfer from George Abromats Trust | | 52,816.98 |
| 07/31/2014 | Interest Income | 0.23 | |
| 08/01/2014 | Social Security Benefits | 1,854.90 | |
| 08/29/2014 | Interest Income | 0.25 | |
| 09/03/2014 | Social Security Benefits | 1,854.90 | |
| 09/30/2014 | Dividend Income - Travellers | 39.60 | |
| 09/30/2014 | Interest Income | 0.12 | |
| 10/03/2014 | Social Security Benefits | 1,854.90 | |
| 10/31/2014 | Interest Income | 0.15 | |
| 11/03/2014 | Social Security Benefits | 1,854.90 | |
| 11/28/2014 | Interest Income | 0.16 | |
| 12/03/2014 | Social Security Benefits | 1,854.90 | |
| 12/31/2014 | Dividend Income - Travellers | 39.60 | |
| 12/31/2014 | Interest Income | 0.16 | |
| 01/02/2015 | Social Security Benefits | 1,944.00 | |
| 01/12/2015 | Transfer from George Abromats Trust | 6,727.30 | 35,272.70 |
| 01/14/2015 | Transfer from Cliff Abromats - refund overage on gift | | 28,000.00 |
| 01/22/2015 | Miscellaneous refunds and dividends | 67.26 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

| Schedule A - Receipts During Period (Does not include receipts from sale of other dispositions of principal assets. Such transactions are shown on Schedule D.) | | | |
|---|---|---|---|
| Date | Brief Description of Items | Income | Principal |

**SUNTRUST CHECKING ACCOUNT #████1405 (continued)**

| Date | Brief Description of Items | Income | Principal |
|---|---|---|---|
| 01/30/2015 | Interest Income | 0.34 | |
| 02/03/2015 | Social Security Benefits | 1,944.00 | |
| 02/27/2015 | Interest Income | 0.41 | |
| 03/03/2015 | Social Security Benefits | 1,944.00 | |
| 03/31/2015 | Dividend Income - Travellers | 39.60 | |
| 03/31/2015 | Interest Income | 0.16 | |
| 04/03/2015 | Social Security Benefits | 1,944.00 | |
| 04/30/2015 | Interest Income | 0.11 | |
| 05/06/2015 | Deposit - Refunds | 8,078.39 | |
| 05/29/2015 | Interest Income | 0.16 | |

**SUNTRUST CHECKING ACCOUNT #██4383**

| Date | Brief Description of Items | Income | Principal |
|---|---|---|---|
| 11/28/2011 | Interest Income | 9.10 | |
| 12/12/2011 | Deposit | 9,738.77 | |
| 12/28/2011 | Interest Income | 23.82 | |
| 12/30/2011 | Transfer from George Abromats Trust | 4,698.57 | 21,301.43 |
| 01/27/2012 | Interest Income | 19.68 | |
| 02/03/2012 | Transfer from George Abromats Trust | 24,056.48 | 15,943.52 |
| 02/08/2012 | Bank Charge | 15.00 | |
| 02/08/2012 | Miscellaneous dividends and refunds | 69.97 | |
| 02/27/2012 | Interest Income | 18.01 | |
| 03/28/2012 | Interest Income | 17.36 | |
| 04/26/2012 | Interest Income | 16.44 | |
| 05/29/2012 | Interest Income | 17.83 | |
| 06/28/2012 | Interest Income | 10.02 | |
| 07/06/2012 | Deposit | 20,019.01 | |
| 07/27/2012 | Interest Income | 9.34 | |
| 08/29/2012 | Interest Income | 4.37 | |
| 08/31/2012 | Miscellaneous dividends and refunds | 305.32 | |
| 09/05/2012 | Miscellaneous dividends and refunds | 100.91 | |
| 09/26/2012 | Interest Income | 21.31 | |
| 10/29/2012 | Interest Income | 20.46 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule A - Receipts During Period
(Does not include receipts from sale of other dispositions of
principal assets.  Such transactions are shown on Schedule D.)

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
| **SUNTRUST CHECKING ACCOUNT #____4383 (continued)** | | | |
| 11/13/2012 | Deposit - from State Farm | 824.58 | |
| 11/28/2012 | Interest Income | 2.99 | |
| 12/27/2012 | Interest Income | 0.54 | |
| 01/29/2013 | Interest Income | 0.06 | |
| 02/26/2013 | Interest Income | 0.05 | |
| 03/27/2013 | Interest Income | 0.05 | |
| 04/26/2013 | Interest Income | 0.05 | |
| 05/29/2013 | Interest Income | 0.49 | |
| 06/26/2013 | Interest Income | 0.25 | |
| 07/29/2013 | Interest Income | 0.30 | |
| 08/28/2013 | Interest Income | 0.17 | |
| 09/06/2013 | Transfer from George Abromats Trust | | 60,241.16 |
| 09/26/2013 | Interest Income | 0.93 | |
| 10/26/2013 | Interest Income | 1.48 | |
| 11/26/2013 | Interest Income | 1.24 | |
| 12/27/2013 | Interest Income | 0.88 | |
| 01/29/2014 | Interest Income | 0.32 | |
| 02/20/2014 | Interest Income | 0.20 | |
| **TOTAL RECEIPTS DURING PERIOD** | | $   312,424.95 | $257,492.06 |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|---|---|---|---|---|---|
| **WELLS FARGO BROKERAGE ACCOUNT #8943** | | | | | |
| 5/29/2012 | | Check written | #RC019844082 | | 25,000.00 |
| | | | | | |
| **SUNTRUST CHECKING ACCOUNT #▮▮▮▮1405** | | | | | |
| 11/03/2011 | 5444 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 11/03/2011 | 5443 | Independence Hall | Living Expenses | 3,600.00 | |
| 11/04/2011 | EFT | Comcast | Cable TV | 91.50 | |
| 11/08/2011 | 5445 | Broward County Tax Collector | 1813 NE 27 St Expense | 5,093.61 | |
| 11/09/2011 | 5448 | Jack Baxter Jr | Legal Fees | 3,304.00 | 3,304.00 |
| 11/09/2011 | EFT | Gift to Cliff Abromats | | | 13,631.18 |
| 11/11/2011 | 5449 | Ahearn Jasco | Accountant | 522.50 | 522.50 |
| 11/11/2011 | 5450 | Ahearn Jasco | Accountant | 600.00 | 600.00 |
| 11/14/2011 | 5452 | Janice Worobec | Reimburse Medications | 268.96 | |
| 11/15/2011 | 5447 | Terry's Plumbing | 1813 NE 27 St Expense | 2,000.00 | |
| 11/17/2011 | 5451 | Janice Worobec | Reimburse Expenses | 815.60 | |
| 11/28/2011 | 5454 | Alternative Home Health | Medical | 750.00 | |
| 11/28/2011 | EFT | AT&T | Telephone | 50.83 | |
| 11/30/2011 | EFT | FPL | Utilities | 51.63 | |
| 12/02/2011 | EFT | Comcast | Cable TV | 91.70 | |
| 12/02/2011 | 5457 | Finest Lawn Care | 1813 NE 27 St Expense | 130.00 | |
| 12/02/2011 | 5455 | Independence Hall | Living Expenses | 200.00 | |
| 12/02/2011 | 5456 | Independence Hall | Living Expenses | 3,663.00 | |
| 12/05/2011 | EFT | FPL | Utilities | 51.53 | |
| 12/05/2011 | 5466 | Janice Worobec | Reimburse Expenses | 895.50 | |
| 12/13/2011 | 5464 | Universal Arts | Prescriptions | 241.37 | |
| 12/15/2011 | 5461 | Cliff Abromats | Reimburse Expenses | 3,508.30 | |
| 12/15/2011 | 5460 | Terry's Plumbing | 1813 NE 27 St Expense | 2,000.00 | |
| 12/15/2011 | 5462 | United Healthcare Insurance | Medical Insurance | 489.60 | |
| 12/16/2011 | 5463 | Cliff Abromats | Reimburse Expenses | 68.10 | |
| 12/23/2011 | 5469 | Alternative Home Health | Medical | 434.00 | |
| 12/23/2011 | 5470 | Alternative Home Health | Medical | 434.00 | |
| 12/23/2011 | 5471 | Alternative Home Health | Medical | 434.00 | |
| 12/23/2011 | EFT | AT&T | Telephone | 51.78 | |
| 12/23/2011 | 5468 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 12/27/2011 | 5465 | Terry's Plumbing | 1813 NE 27 St Expense | 6,188.65 | |
| 12/29/2011 | 5474 | Alternative Home Health | Medical | 465.00 | |
| 12/29/2011 | EFT | Sun Trust | Transaction fee | 14.95 | |
| 12/29/2011 | 5489 | United Reconstruction Group | 1813 NE 27 St Expense | 3,212.34 | |
| 01/04/2012 | EFT | Comcast | Cable TV | 91.71 | |
| 01/05/2012 | 5477 | Alternative Home Health | Medical | 465.00 | |
| 01/05/2012 | 5478 | Independence Hall | Living Expenses | 3,694.00 | |
| 01/19/2012 | EFT | Over the Counter Withdrawal | Household | 1,000.00 | |
| 02/06/2012 | EFT | AT&T | Telephone | 54.81 | |
| 02/06/2012 | 5481I3 | Independence Hall | Living Expenses | 3,580.00 | |
| 02/07/2012 | EFT | FPL | Utilities | 63.76 | |
| 02/09/2012 | 5481 | Janice Worobec | Reimburse State Farm Insurance | 926.24 | |
| 02/10/2012 | 5484 | Alternative Home Health | Medical | 1,050.00 | |
| 02/10/2012 | 5485 | Alternative Home Health | Medical | 1,312.00 | |
| 02/10/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 02/10/2012 | 5486 | Finest Lawn Care | 1813 NE 27 St Expense | 145.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|---|---|---|---|---|---|
| **SUNTRUST CHECKING ACCOUNT** | | | **1405 (continued)** | | |
| 02/11/2012 | 5488 | Universal Arts | Prescriptions | 175.58 | |
| 02/14/2012 | EFT | AT&T | Telephone | 47.66 | |
| 02/15/2012 | 5491 | Alternative Home Health | Medical | 1,050.00 | |
| 02/16/2012 | 5489 | United Reconstruction Group | 1813 NE 27 St Expense | 3,212.34 | |
| 02/22/2012 | EFT | FPL | Utilities | 60.03 | |
| 02/24/2012 | 5493 | Alternative Home Health | Medical | 1,050.00 | |
| 03/01/2012 | 5496 | Alternative Home Health | Medical | 1,099.00 | |
| 03/02/2012 | 5495 | Janice Worobec | Reimburse Expenses | 149.10 | |
| 03/02/2012 | 5494 | Janice Worobec | Reimburse Expenses | 204.10 | |
| 03/03/2012 | 5505 | Alternative Home Health | Medical | 1,099.00 | |
| 03/05/2012 | 5498 | Independence Hall | Living Expenses | 3,510.00 | |
| 03/08/2012 | 5500 | Alternative Home Health | Medical | 1,225.00 | |
| 03/08/2012 | 5502 | Broward Ambulance | Medical | 88.50 | |
| 03/08/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 03/08/2012 | 5499 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 03/12/2012 | 5503 | Universal Arts | Prescriptions | 182.97 | |
| 03/13/2012 | EFT | AT&T | Telephone | 53.40 | |
| 03/14/2012 | 5508 | Alternative Home Health | Medical | 1,099.00 | |
| 03/15/2012 | 5507 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 03/16/2012 | EFT | FPL | Utilities | 58.93 | |
| 03/21/2012 | 5510 | Alternative Home Health | Medical | 1,099.00 | |
| 03/26/2012 | 5509 | Janice Worobec | Reimburse Expenses | 209.10 | |
| 03/28/2012 | 5517 | Alternative Home Health | Medical | 1,099.00 | |
| 03/30/2012 | 5511 | Broward Ambulance | Medical | 285.32 | |
| 03/31/2012 | 5516 | Independence Hall | Living Expenses | 3,842.00 | |
| 04/02/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 04/02/2012 | EFT | Sun Trust | Credit Card Payment | 10.00 | |
| 04/03/2012 | EFT | State Farm Insurance | Umbrella Insurance | 1,017.96 | |
| 04/06/2012 | 5518 | Universal Arts | Prescriptions | 478.41 | |
| 04/11/2012 | 5519 | Jack Baxter Jr | Legal Fees | 781.75 | 781.75 |
| 04/12/2012 | 5520 | Alternative Home Health | Medical | 1,174.00 | |
| 04/14/2012 | EFT | AT&T | Telephone | 51.31 | |
| 04/14/2012 | 5522 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 04/17/2012 | 5523 | Alternative Home Health | Medical | 1,099.00 | |
| 04/17/2012 | EFT | FPL | Utilities | 66.38 | |
| 04/26/2012 | 5524 | Alternative Home Health | Medical | 1,099.00 | |
| 05/02/2012 | 5526 | Alternative Home Health | Medical | 1,099.00 | |
| 05/03/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 05/03/2012 | 5527 | Independence Hall | Living Expenses | 3,650.00 | |
| 05/07/2012 | EFT | State Farm Insurance | 1813 NE 27th St Expense | 536.01 | |
| 05/09/2012 | 5529 | Janice Worobec | Reimburse Expenses | 154.10 | |
| 05/09/2012 | 5530 | Janice Worobec | Reimburse Expenses | 298.20 | |
| 05/11/2012 | 5533 | Finest Lawn Care | 1813 NE 27 St Expense | 130.00 | |
| 05/17/2012 | 1099 | Alternative Home Health | Medical | 1,099.00 | |
| 05/17/2012 | EFT | AT&T | Telephone | 51.31 | |
| 05/17/2012 | 5535 | Universal Arts | Prescriptions | 156.02 | |
| 05/19/2012 | 5534 | Alternative Home Health | Medical | 1,099.00 | |
| 05/20/2012 | EFT | United American | Medical Insurance | 3,661.40 | |
| 05/22/2012 | EFT | FPL | Utilities | 67.68 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B - Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|------|------|------|------|------|------|
| **SUNTRUST CHECKING ACCOUNT** | | | **1405 (continued)** | | |
| 06/01/2012 | 5538 | Alternative Home Health | Medical | 1,099.00 | |
| 06/01/2012 | 5541 | Alternative Home Health | Medical | 1,099.00 | |
| 06/01/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 06/01/2012 | 5540 | Independence Hall | Living Expenses | 3,650.00 | |
| 06/08/2012 | 5544 | Alternative Home Health | Medical | 1,174.00 | |
| 06/08/2012 | 5543 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 06/09/2012 | 5545 | Universal Arts | Prescriptions | 164.14 | |
| 06/18/2012 | 5547 | Alternative Home Health | Medical | 1,099.00 | |
| 06/18/2012 | EFT | AT&T | Telephone | 51.26 | |
| 06/18/2012 | EFT | State Farm Automobile Insurance | Insurance - Automobile | 883.08 | |
| 06/20/2012 | 5550 | Alternative Home Health | Medical | 1,099.00 | |
| 06/21/2012 | EFT | FPL | Utilities | 75.49 | |
| 06/22/2012 | 5549 | Janice Worobec | Reimburse Expenses | 550.40 | |
| 06/27/2012 | 5551 | Alternative Home Health | Medical | 1,099.00 | |
| 07/05/2012 | 5553 | Alternative Home Health | Medical | 1,099.00 | |
| 07/05/2012 | 5559 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 07/06/2012 | EFT | Withdrawal | Household | 500.00 | |
| 07/08/2012 | 5558 | Alternative Home Health | Medical | 1,174.00 | |
| 07/10/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 07/10/2012 | 5556 | Independence Hall | Living Expenses | 3,702.00 | |
| 07/10/2012 | 5554 | Universal Arts | Prescriptions | 155.36 | |
| 07/13/2012 | 5557 | Jack Baxter Jr | Legal Fees | 649.00 | 649.00 |
| 07/18/2012 | 5562 | Alternative Home Health | Medical | 1,099.00 | |
| 07/18/2012 | EFT | AT&T | Telephone | 51.81 | |
| 07/19/2012 | EFT | FPL | Utilities | 93.94 | |
| 07/26/2012 | 5563 | Alternative Home Health | Medical | 1,099.00 | |
| 07/31/2012 | 5560 | Cliff Abromats | Reimburse Expenses | 2,294.78 | |
| 08/01/2012 | EFT | Comcast | Cable TV | 91.72 | |
| 08/07/2012 | 5566 | Cliff Abromats | Hearing Aids Reimbursement | 3,600.00 | |
| 08/07/2012 | 5568 | Universal Arts | Prescriptions | 147.95 | |
| 08/10/2012 | 5569 | Alternative Home Health | Medical | 1,050.00 | |
| 08/10/2012 | 5570 | Alternative Home Health | Medical | 1,148.00 | |
| 08/12/2012 | 5567 | Independence Hall | Living Expenses | 3,650.00 | |
| 08/14/2012 | 5572 | Alternative Home Health | Medical | 1,099.00 | |
| 08/20/2012 | 5573 | Finest Lawn Care | 1813 NE 27 St Expense | 1,049.38 | |
| 08/23/2012 | EFT | FPL | Utilities | 87.70 | |
| 08/24/2012 | 5574 | Alternative Home Health | Medical | 1,099.00 | |
| 08/29/2012 | 5575 | Janice Worobec | Reimburse Expenses | 548.40 | |
| 09/07/2012 | 5578 | Alternative Home Health | Medical | 1,099.00 | |
| 09/07/2012 | EFT | Comcast | Cable TV | 102.85 | |
| 09/07/2012 | 5580 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 09/07/2012 | 5579 | Independence Hall | Living Expenses | 3,732.00 | |
| 09/10/2012 | 5581 | Alternative Home Health | Medical | 1,099.00 | |
| 09/12/2012 | 5583 | Alternative Home Health | Medical | 1,174.00 | |
| 09/12/2012 | 5582 | Universal Arts | Prescriptions | 158.32 | |
| 09/17/2012 | EFT | AT&T | Telephone | 62.30 | |
| 09/18/2012 | 5585 | Alternative Home Health | Medical | 1,099.00 | |
| 09/20/2012 | EFT | FPL | Utilities | 74.89 | |
| 10/01/2012 | 5587 | Alternative Home Health | Medical | 1,099.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|---|---|---|---|---|---|
| **SUNTRUST CHECKING ACCOUNT** | | | **1405 (continued)** | | |
| 10/01/2012 | EFT | Comcast | Cable TV | 102.85 | |
| 10/02/2012 | 5588 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 10/05/2012 | 5592 | Independence Hall | Living Expenses | 3,712.00 | |
| 10/05/2012 | 5595 | Universal Arts | Prescriptions | 118.05 | |
| 10/11/2012 | 5593 | Alternative Home Health | Medical | 1,050.00 | |
| 10/11/2012 | 5594 | Alternative Home Health | Medical | 1,141.00 | |
| 10/15/2012 | EFT | AT&T | Telephone | 57.41 | |
| 10/18/2012 | 5597 | Alternative Home Health | Medical | 1,099.00 | |
| 10/24/2012 | EFT | FPL | Utilities | 80.58 | |
| 10/30/2012 | 5598 | Alternative Home Health | Medical | 1,099.00 | |
| 11/02/2012 | 5600 | Alternative Home Health | Medical | 1,099.00 | |
| 11/02/2012 | EFT | Comcast | Cable TV | 102.84 | |
| 11/02/2012 | 5601 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 11/02/2012 | 5602 | Independence Hall | Living Expenses | 3,650.00 | |
| 11/07/2012 | 5603 | Holy Cross Hospital | Medical | 137.38 | |
| 11/07/2012 | 5604 | Janice Worobec | Reimburse Expenses | 456.40 | |
| 11/08/2012 | 5606 | Alternative Home Health | Medical | 1,099.00 | |
| 11/14/2012 | EFT | Broward County Tax Collector | 1813 NE 27 St Expense | 4,901.32 | |
| 11/16/2012 | 5608 | Ahearn Jasco | Accountant | 700.00 | 700.00 |
| 11/16/2012 | 5609 | Ahearn Jasco | Accountant | 937.50 | 937.50 |
| 11/16/2012 | 5607 | Alternative Home Health | Medical | 1,099.00 | |
| 11/16/2012 | 5610 | Universal Arts | Prescriptions | 140.14 | |
| 11/18/2012 | EFT | AT&T | Telephone | 53.15 | |
| 11/18/2012 | 5612 | UnitedHealthcare | AARP Insurance | 496.80 | |
| 11/20/2012 | EFT | FPL | Utilities | 46.69 | |
| 11/27/2012 | 5613 | Alternative Home Health | Medical | 1,099.00 | |
| 12/03/2012 | EFT | Comcast | Cable TV | 102.85 | |
| 12/04/2012 | 5616 | Independence Hall | Living Expenses | 3,708.00 | |
| 12/10/2012 | 5617 | Alternative Home Health | Medical | 1,099.00 | |
| 12/10/2012 | 5618 | Finest Lawn Care | 1813 NE 27 St Expense | 130.00 | |
| 12/11/2012 | EFT | AT&T | Telephone | 52.38 | |
| 12/11/2012 | 5620 | Universal Arts | Prescriptions | 128.29 | |
| 12/18/2012 | 5622 | Alternative Home Health | Medical | 1,099.00 | |
| 12/18/2012 | EFT | FPL | Utilities | 42.95 | |
| 12/18/2012 | EFT | State Farm Automobile Insurance | Insurance   Automobile | 926.72 | |
| 12/28/2012 | 5624 | Alternative Home Health | Medical | 1,099.00 | |
| 12/28/2012 | 5623 | Alternative Home Health | Medical | 1,174.00 | |
| 12/29/2012 | 5625 | Alternative Home Health | Medical | 1,099.00 | |
| 01/06/2013 | 5628 | Alternative Home Health | Medical | 1,174.00 | |
| 01/07/2013 | 5627 | Independence Hall | Living Expenses | 3,722.00 | |
| 01/11/2013 | 5631 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 01/13/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 01/14/2013 | 5630 | David Rooney, MD | Medical | 150.00 | |
| 01/14/2013 | 5629 | David Rooney, MD | Medical | 357.63 | |
| 01/20/2013 | 5634 | Alternative Home Health | Medical | 1,099.00 | |
| 01/20/2013 | EFT | AT&T | Telephone | 52.29 | |
| 01/20/2013 | 5635 | Janice Worobec | Reimburse Expenses | 238.20 | |
| 01/22/2013 | EFT | Universal Arts | Prescriptions | 127.69 | |
| 01/23/2013 | 5637 | Alternative Home Health | Medical | 1,099.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B - Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D )

| Date | | Brief Description of Items | | Income | Principal |
|------|--|----------------------------|--|--------|-----------|
| **SUNTRUST CHECKING ACCOUNT** ▮▮▮▮**1405 (continued)** | | | | | |
| 01/23/2013 | EFT | FPL | Utilities | 46.48 | |
| 02/02/2013 | 5639 | Alternative Home Health | Medical | 1,099.00 | |
| 02/02/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 02/05/2013 | EFT | FPL | Utilities | 48.48 | |
| 02/06/2013 | 5643 | Alternative Home Health | Medical | 1,099.00 | |
| 02/06/2013 | 5641 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 02/06/2013 | 5640 | Independence Hall | Living Expenses | 3,664.00 | |
| 02/13/2013 | 5647 | Cliff Abromats | Gifts | | 14,000.00 |
| 02/13/2013 | 5646 | Janice Worobec | Gifts | | 14,000.00 |
| 02/13/2013 | 5645 | Letitia Abromats | Gifts | | 14,000.00 |
| 02/13/2013 | 5644 | Philip Abromats | Gifts | | 14,000.00 |
| 02/13/2013 | 5648 | Rajendra Vakharia | Condo rental | | 23,900.00 |
| 02/24/2013 | 5649 | Alternative Home Health | Medical | 1,099.00 | |
| 02/24/2013 | 5650 | Alternative Home Health | Medical | 1,099.00 | |
| 02/24/2013 | EFT | AT&T | Telephone | 52.72 | |
| 03/02/2013 | 5656 | Alternative Home Health | Medical | 1,099.00 | |
| 03/02/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 03/02/2013 | 5654 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 03/02/2013 | 5655 | Independence Hall | Living Expenses | 3,694.00 | |
| 03/02/2013 | 5658 | Universal Arts | Prescriptions | 70.50 | |
| 03/05/2013 | 5653 | Janice Worobec | Reimburse Expenses | 240.10 | |
| 03/07/2013 | 5659 | Alternative Home Health | Medical | 1,099.00 | |
| 03/13/2013 | 5661 | Alternative Home Health | Medical | 1,099.00 | |
| 03/13/2013 | 5660 | Universal Arts | Prescriptions | 69.62 | |
| 03/18/2013 | EFT | AT&T | Telephone | 51.86 | |
| 03/19/2013 | EFT | FPL | Utilities | 40.88 | |
| 03/22/2013 | EFT | Withdrawal | Household | 500.00 | |
| 03/26/2013 | 5663 | Alternative Home Health | Medical | 1,099.00 | |
| 03/29/2013 | 5664 | Alternative Home Health | Medical | 1,099.00 | |
| 03/29/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 03/29/2013 | 5665 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 03/29/2013 | 5667 | Janice Worobec | Reimburse Expenses | 377.50 | |
| 03/29/2013 | 5668 | Janice Worobec | Reimburse Expenses | 555.20 | |
| 04/02/2013 | 5671 | Independence Hall | Living Expenses | 4,001.00 | |
| 04/10/2013 | 5673 | Alternative Home Health | Medical | 1,099.00 | |
| 04/10/2013 | 5672 | Alternative Home Health | Medical | 1,174.00 | |
| 04/15/2013 | EFT | AT&T | Telephone | 51.86 | |
| 04/15/2013 | 5675 | Universal Arts | Prescriptions | 70.50 | |
| 04/18/2013 | EFT | FPL | Utilities | 51.77 | |
| 04/19/2013 | 5676 | Alternative Home Health | Medical | 1,099.00 | |
| 04/26/2013 | 5677 | Alternative Home Health | Medical | 1,099.00 | |
| 05/01/2013 | 5678 | Alternative Home Health | Medical | 1,099.00 | |
| 05/01/2013 | 5679 | David Rooney, MD | Medical | 230.02 | |
| 05/13/2013 | 5685 | Alternative Home Health | Medical | 1,099.00 | |
| 05/13/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 05/13/2013 | 5681 | Independence Hall | Living Expenses | 3,867.00 | |
| 05/13/2013 | EFT | State Farm Insurance | 1813 NE 27th St Expense | 962.60 | |
| 05/13/2013 | 5683 | Universal Arts | Prescriptions | 78.39 | |
| 05/21/2013 | 5686 | Alternative Home Health | Medical | 1,099.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|---|---|---|---|---|---|
| **SUNTRUST CHECKING ACCOUNT ▮▮▮▮1405 (continued)** | | | | | |
| 05/21/2013 | EFT | AT&T | Telephone | 51.73 | |
| 05/21/2013 | 5689 | Edward Walker, MD | Medical | 15.38 | |
| 05/21/2013 | EFT | United American | Medical Insurance | 3,790.40 | |
| 05/22/2013 | EFT | FPL | Utilities | 46.35 | |
| 05/24/2013 | 5690 | Alternative Home Health | Medical | 1,099.00 | |
| 05/29/2013 | 5691 | Finest Lawn Care | 1813 NE 27 St Expense | 160.00 | |
| 06/06/2013 | 5695 | Alternative Home Health | Medical | 1,099.00 | |
| 06/06/2013 | 5696 | Alternative Home Health | Medical | 1,174.00 | |
| 06/06/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 06/06/2013 | 5693 | Independence Hall | Living Expenses | 3,809.00 | |
| 06/10/2013 | 5697 | Universal Arts | Prescriptions | 70.50 | |
| 06/12/2013 | 5698 | Alternative Home Health | Medical | 1,099.00 | |
| 06/14/2013 | EFT | AT&T | Telephone | 51.79 | |
| 06/17/2013 | EFT | State Farm Automobile Insurance | Insurance  Automobile | 875.44 | |
| 06/18/2013 | EFT | FPL | Utilities | 57.44 | |
| 06/25/2013 | 5701 | Janice Worobec | Reimburse Expenses | 553.20 | |
| 07/01/2013 | 5702 | Alternative Home Health | Medical | 1,099.00 | |
| 07/01/2013 | 5703 | Alternative Home Health | Medical | 1,099.00 | |
| 07/01/2013 | EFT | Withdrawal | Household | 1,000.00 | |
| 07/05/2013 | 5705 | Alternative Home Health | Medical | 1,099.00 | |
| 07/05/2013 | 5706 | Independence Hall | Living Expenses | 3,816.00 | |
| 07/11/2013 | 5707 | Alternative Home Health | Medical | 1,174.00 | |
| 07/11/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 07/11/2013 | 5710 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 07/11/2013 | 5709 | Universal Arts | Prescriptions | 66.40 | |
| 07/18/2013 | EFT | FPL | Utilities | 64.80 | |
| 07/23/2013 | EFT | AT&T | Telephone | 52.34 | |
| 07/24/2013 | 5712 | Cliff Abromats | Reimburse Expenses | 7,851.45 | |
| 07/26/2013 | 5714 | Alternative Home Health | Medical | 1,863.00 | |
| 07/26/2013 | 5713 | Alternative Home Health | Medical | 2,436.00 | |
| 07/30/2013 | 5716 | Janice Worobec | Reimburse Expenses | 802.60 | |
| 07/30/2013 | 5715 | Janice Worobec | Reimburse Expenses | 954.60 | |
| 07/31/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 08/01/2013 | 5718 | Alternative Home Health | Medical | 2,436.00 | |
| 08/01/2013 | 5719 | Finest Lawn Care | 1813 NE 27 St Expense | 105.00 | |
| 08/01/2013 | 5720 | Independence Hall | Living Expenses | 3,840.00 | |
| 08/12/2013 | 5722 | Alternative Home Health | Medical | 2,436.00 | |
| 08/12/2013 | 5723 | Universal Arts | Prescriptions | 66.50 | |
| 08/14/2013 | 5724 | Alternative Home Health | Medical | 2,436.02 | |
| 08/17/2013 | EFT | FPL | Utilities | 31.93 | |
| 08/20/2013 | EFT | AT&T | Telephone | 56.16 | |
| 08/20/2013 | 5725 | Janice Worobec | Reimburse Expenses | 633.20 | |
| 08/23/2013 | 5727 | Alternative Home Health | Medical | 2,439.63 | |
| 08/29/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 08/30/2013 | 5729 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 09/05/2013 | 5732 | Alternative Home Health | Medical | 2,436.00 | |
| 09/05/2013 | 5731 | Independence Hall | Living Expenses | 3,795.00 | |
| 09/10/2013 | 5734 | Alternative Home Health | Medical | 1,484.63 | |
| 09/10/2013 | 5733 | Universal Arts | Prescriptions | 134.09 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|------|------|------|------|------|------|
| **SUNTRUST CHECKING ACCOUNT** ▮▮1405 (continued) | | | | | |
| 09/12/2013 | 5735 | Alternative Home Health | Medical | 1,174.00 | |
| 09/12/2013 | 5736 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 09/13/2013 | 5737 | Weil Orthopedic Centers | Medical | 36.97 | |
| 09/19/2013 | EFT | FPL | Utilities | 55.94 | |
| 09/24/2013 | 5738 | Alternative Home Health | Medical | 1,099.00 | |
| 09/25/2013 | EFT | AT&T | Telephone | 55.90 | |
| 09/27/2013 | 5741 | Alternative Home Health | Medical | 1,099.00 | |
| 09/27/2013 | 5739 | Janice Worobec | Reimburse Airfare | 400.00 | |
| 10/02/2013 | 5743 | Cliff Abromats | Reimburse - Vault at Lauderdale Memorial | 1,555.00 | |
| 10/02/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 10/02/2013 | EFT | Sun Trust | Credit Card Payment | 10.00 | |
| 10/03/2013 | 5746 | Alternative Home Health | Medical | 1,099.00 | |
| 10/03/2013 | 5747 | Independence Hall | Living Expenses | 3,867.00 | |
| 10/07/2013 | 5748 | Ahern Jasco | Accountant | 600.00 | 600.00 |
| 10/07/2013 | 5749 | Ahern Jasco | Accountant | 700.00 | 700.00 |
| 10/07/2013 | 5750 | Universal Arts | Prescriptions | 72.40 | |
| 10/08/2013 | 5751 | Edward Walker, MD | Medical | 131.62 | |
| 10/13/2013 | 5753 | Alternative Home Health | Medical | 1,099.00 | |
| 10/13/2013 | 5752 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 10/21/2013 | 5754 | Alternative Home Health | Medical | 1,099.00 | |
| 10/22/2013 | EFT | FPL | Utilities | 56.65 | |
| 10/25/2013 | 5755 | Alternative Home Health | Medical | 1,099.00 | |
| 10/28/2013 | EFT | Withdrawal | Household | 400.00 | |
| 11/01/2013 | 5758 | Alternative Home Health | Medical | 1,099.00 | |
| 11/01/2013 | EFT | AT&T | Telephone | 55.40 | |
| 11/01/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 11/01/2013 | 5760 | Janice Worobec | Reimburse Expenses | 528.60 | |
| 11/01/2013 | 5759 | Janice Worobec | Reimburse Expenses | 613.20 | |
| 11/05/2013 | 5762 | Independence Hall | Living Expenses | 3,805.00 | |
| 11/06/2013 | EFT | Broward County Tax Collector | 1813 NE 27 St Expense | 5,435.05 | |
| 11/07/2013 | 5763 | Alternative Home Health | Medical | 1,099.00 | |
| 11/14/2013 | 5764 | Ahern Jasco | Accountant | 542.50 | 542.50 |
| 11/14/2013 | 5768 | Alternative Home Health | Medical | 1,099.00 | |
| 11/14/2013 | EFT | AT&T | Telephone | 56.33 | |
| 11/14/2013 | 5766 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 11/14/2013 | EFT | Gift to Cliff Abromats | | | 20,000.00 |
| 11/14/2013 | 5765 | Universal Arts | Prescriptions | 72.50 | |
| 11/18/2013 | EFT | FPL | Utilities | 50.95 | |
| 11/21/2013 | 5769 | Alternative Home Health | Medical | 1,099.00 | |
| 11/30/2013 | 5770 | Alternative Home Health | Medical | 1,099.00 | |
| 11/30/2013 | 5772 | Cliff Abromats | Reimburse Expenses | 117.19 | |
| 11/30/2013 | 5771 | Cliff Abromats | Reimburse Expenses | 2,404.61 | |
| 12/05/2013 | 5774 | Alternative Home Health | Medical | 1,174.00 | |
| 12/05/2013 | EFT | Comcast | Cable TV | 106.59 | |
| 12/05/2013 | 5775 | Independence Hall | Living Expenses | 3,867.00 | |
| 12/05/2013 | 5777 | United Healthcare Insurance | Medical Insurance | 553.20 | |
| 12/09/2013 | 5778 | Universal Arts | Prescriptions | 72.40 | |
| 12/11/2013 | 5779 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 12/11/2013 | EFT | Withdrawal | Household | 700.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|------|------|------|------|------|------|
| **SUNTRUST CHECKING ACCOUNT** ███████1405 (continued) | | | | | |
| 12/12/2013 | 5780 | Alternative Home Health | Medical | 1,099.00 | |
| 12/17/2013 | EFT | FPL | Utilities | 49.34 | |
| 12/18/2013 | EFT | AT&T | Telephone | 55.88 | |
| 12/18/2013 | EFT | State Farm Automobile Insurance | Insurance   Automobile | 840.42 | |
| 12/20/2013 | 5783 | Alternative Home Health | Medical | 1,099.00 | |
| 01/06/2014 | 5786 | Alternative Home Health | Medical | 1,099.00 | |
| 01/06/2014 | 5785 | Alternative Home Health | Medical | 1,174.00 | |
| 01/06/2014 | 5787 | Independence Hall | Living Expenses | 3,829.00 | |
| 01/10/2014 | | Cliff Abromats | Reimburse Expenses | 9,353.50 | |
| 01/11/2014 | 5789 | Alternative Home Health | Medical | 1,174.00 | |
| 01/11/2014 | EFT | Comcast | Cable TV | 108.88 | |
| 01/11/2014 | 5790 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 01/11/2014 | 5788 | Universal Arts | Prescriptions | 72.50 | |
| 01/15/2014 | 5792 | Cliff Abromats | Gifts | | 14,000.00 |
| 01/15/2014 | 5793 | Janice Worobec | Gifts | | 14,000.00 |
| 01/16/2014 | 5794 | Alternative Home Health | Medical | 1,099.00 | |
| 01/21/2014 | EFT | FPL | Utilities | 64.07 | |
| 01/24/2014 | 5795 | Alternative Home Health | Medical | 1,099.00 | |
| 01/27/2014 | EFT | AT&T | Telephone | 55.88 | |
| 01/27/2014 | 5796 | Janice Worobec | Reimburse GJA Clothing | 144.08 | |
| 01/27/2014 | 5797 | Janice Worobec | Reimburse Airfare | 519.00 | |
| 01/31/2014 | 5800 | Alternative Home Health | Medical | 1,099.00 | |
| 01/31/2014 | EFT | Comcast | Cable TV | 108.66 | |
| 01/31/2014 | EFT | Sun Trust | Credit Card Payment | 1.00 | |
| 02/01/2014 | 5803 | Letitia Abromats | Gifts | | 14,000.00 |
| 02/01/2014 | 5804 | Philip Abromats | Gifts | | 14,000.00 |
| 02/10/2014 | 5805 | Alternative Home Health | Medical | 1,099.00 | |
| 02/10/2014 | 5806 | Independence Hall | Living Expenses | 3,861.00 | |
| 02/11/2014 | 5807 | Universal Arts | Prescriptions | 87.46 | |
| 02/12/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 02/19/2014 | 5808 | Alternative Home Health | Medical | 1,099.00 | |
| 02/19/2014 | EFT | FPL | Utilities | 54.50 | |
| 02/23/2014 | 5809 | Alternative Home Health | Medical | 1,099.00 | |
| 02/23/2014 | 5810 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 02/27/2014 | EFT | AT&T | Telephone | 56.07 | |
| 02/28/2014 | 5812 | Alternative Home Health | Medical | 1,050.00 | |
| 02/28/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 03/04/2014 | 5814 | Independence Hall | Living Expenses | 3,795.00 | |
| 03/07/2014 | 5815 | Alternative Home Health | Medical | 1,346.00 | |
| 03/12/2014 | 5816 | Alternative Home Health | Medical | 1,099.00 | |
| 03/17/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 03/18/2014 | 5817 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 03/18/2014 | EFT | FPL | Utilities | 65.58 | |
| 03/19/2014 | EFT | Cliff Abromats | Reimburse Expenses | 4,765.91 | |
| 03/19/2014 | EFT | Comcast | Cable TV | 108.66 | |
| 03/22/2014 | EFT | AT&T | Telephone | 56.00 | |
| 03/24/2014 | 5824 | Alternative Home Health | Medical | 1,099.00 | |
| 03/24/2014 | 5821 | Janice Worobec | Reimburse Airfare JJW 4/8/14 | 122.50 | |
| 03/24/2014 | 5822 | Janice Worobec | Reimburse Airfare GCA 4/8/14 | 122.50 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B - Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|------|------|------|------|------|------|
| **SUNTRUST CHECKING ACCOUNT** ▮▮▮▮▮**1405 (continued)** | | | | | |
| 03/24/2014 | 5823 | Janice Worobec | Reimburse Airfare GCA 3/26/14 | 129.50 | |
| 03/24/2014 | 5820 | Janice Worobec | Reimburse Airfare GCA 2/19/14 | 245.00 | |
| 03/26/2014 | 5825 | Alternative Home Health | Medical | 1,099.00 | |
| 03/26/2014 | EFT | Sun Trust | Credit Card Payment | 10.00 | |
| 03/31/2014 | EFT | Comcast | Cable TV | 108.88 | |
| 04/03/2014 | 5828 | Alternative Home Health | Medical | 1,099.00 | |
| 04/03/2014 | 5829 | Independence Hall | Living Expenses | 4,167.00 | |
| 04/07/2014 | 5830 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 04/07/2014 | EFT | Gift to Cliff Abromats | | | 5,000.00 |
| 04/09/2014 | 5831 | Universal Arts | Prescriptions | 109.31 | |
| 04/10/2014 | 5833 | Alternative Home Health | Medical | 499.00 | |
| 04/10/2014 | 5832 | Alternative Home Health | Medical | 600.00 | |
| 04/17/2014 | 5834 | Alternative Home Health | Medical | 1,099.00 | |
| 04/17/2014 | EFT | FPL | Utilities | 68.95 | |
| 04/25/2014 | 5835 | Alternative Home Health | Medical | 1,174.00 | |
| 04/25/2014 | 5836 | Holy Cross Emergency Physican | Medical | 137.28 | |
| 04/28/2014 | EFT | AT&T | Telephone | 56.71 | |
| 04/28/2014 | 5838 | Universal Arts | Prescriptions | 87.84 | |
| 05/02/2014 | 5840 | Alternative Home Health | Medical | 1,099.00 | |
| 05/02/2014 | EFT | Comcast | Cable TV | 7.05 | |
| 05/02/2014 | 5841 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 05/02/2014 | 5842 | Frank Vigliotti REMAX Preferred | 1813 NE 27 St Expense | 1,238.00 | |
| 05/02/2014 | 5839 | Independence Hall | Living Expenses | 3,979.00 | |
| 05/03/2014 | 5845 | Cliff Abromats | Reimburse Expenses 1/1/14 5/2/14 | 779.50 | |
| 05/03/2014 | 5844 | Cliff Abromats | Reimburse Expenses 3/16/14-5/2/14 | 2,969.99 | |
| 05/09/2014 | 5846 | Alternative Home Health | Medical | 1,099.00 | |
| 05/13/2014 | 5847 | Universal Arts | Prescriptions | 80.66 | |
| 05/15/2014 | EFT | FPL | Utilities | 71.52 | |
| 05/18/2014 | 5848 | Alternative Home Health | Medical | 1,099.00 | |
| 05/18/2014 | EFT | AT&T | Telephone | 56.02 | |
| 05/18/2014 | 5850 | Rajendra Vakharia | Condo Rental | | 23,900.00 |
| 05/20/2014 | 5852 | Cruz Painting | 1813 NE 27 St Expense | 750.00 | |
| 05/20/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 05/22/2014 | 5854 | Alternative Home Health | Medical | 1,099.00 | |
| 05/22/2014 | 5853 | Finest Lawn Care | 1813 NE 27 St Expense | 80.00 | |
| 05/22/2014 | EFT | FPL | Utilities | 115.77 | |
| 05/30/2014 | EFT | State Farm Insurance | 1813 NE 27th St Expense | 947.13 | |
| 06/02/2014 | 5859 | Alternative Home Health | Medical | 1,099.00 | |
| 06/02/2014 | EFT | Comcast | Cable TV | 53.32 | |
| 06/03/2014 | 5862 | Cruz Painting | 1813 NE 27 St Expense | 1,435.00 | |
| 06/03/2014 | 5861 | Renae Jefferson | 1813 NE 27 St Expense | 360.00 | |
| 06/03/2014 | 5860 | Squeaky Clean | 1813 NE 27 St Expense | 335.00 | |
| 06/04/2014 | 5863 | Independence Hall | Living Expenses | 4,020.00 | |
| 06/05/2014 | 5864 | Alternative Home Health | Medical | 1,174.00 | |
| 06/06/2014 | EFT | City Of Wilton Manors | 1813 NE 27 St Stormwater fee | 11.80 | |
| 06/12/2014 | EFT | State Farm Automobile Insurance | Insurance  Automobile | 850.91 | |
| 06/12/2014 | 5866 | Universal Arts | Prescriptions | 91.52 | |
| 06/13/2014 | 5870 | Alternative Home Health | Medical | 1,099.00 | |
| 06/13/2014 | EFT | AT&T | Telephone | 56.01 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B - Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|------|------|------|------|------|------|
| **SUNTRUST CHECKING ACCOUNT** ▓▓▓ **1405 (continued)** | | | | | |
| 06/13/2014 | 5871 | Jack Baxter Jr | Legal Fees | 368.75 | 368.75 |
| 06/13/2014 | 5868 | Janice Worobec | Reimburse Airfare GCA 5/21/14 | 285.50 | |
| 06/16/2014 | EFT | FPL | Utilities | 68.11 | |
| 06/16/2014 | EFT | United American | Medical Insurance | 3,790.00 | |
| 06/20/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 06/23/2014 | 5856 | Janice Worobec | Reimburse Expenses | 449.00 | |
| 06/25/2014 | 5874 | Alternative Home Health | Medical | 1,099.00 | |
| 06/25/2014 | EFT | City Of Wilton Manors | 1813 NE 27 St Expense | 55.52 | |
| 06/25/2014 | 5873 | Finest Lawn Care | 1813 NE 27 St  Expense | 80.00 | |
| 06/26/2014 | EFT | FPL | Utilities | 65.54 | |
| 07/01/2014 | 5877 | Alternative Home Health | Medical | 1,099.00 | |
| 07/01/2014 | EFT | Comcast | Cable TV | 53.32 | |
| 07/07/2014 | 5880 | Alternative Home Health | Medical | 1,099.00 | |
| 07/07/2014 | 5879 | Independence Hall | Living Expenses | 3,989.00 | |
| 07/17/2014 | EFT | AT&T | Telephone | 56.01 | |
| 07/17/2014 | 5881 | Universal Arts | Prescriptions | 83.89 | |
| 07/18/2014 | EFT | FPL | Utilities | 78.41 | |
| 07/21/2014 | EFT | Gift to Cliff Abromats | | | 5,000.00 |
| 07/21/2014 | 5883 | Alternative Home Health | Medical | 1,125.00 | |
| 07/22/2014 | EFT | FPL | Utilities | 50.01 | |
| 07/28/2014 | 5886 | Alternative Home Health | Medical | 1,099.00 | |
| 08/01/2014 | 5884 | Finest Lawn Care | 1813 NE 27 St  Expense | 80.00 | |
| 08/04/2014 | 5888 | Alternative Home Health | Medical | 1,099.00 | |
| 08/06/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 08/08/2014 | EFT | Comcast | Cable TV | 53.32 | |
| 08/08/2014 | EFT | FPL | Utilities | 10.70 | |
| 08/08/2014 | 5885 | Janice Worobec | Reimburse | 645.00 | |
| 08/11/2014 | 5891 | Alternative Home Health | Medical | 1,099.00 | |
| 08/11/2014 | 5892 | Alternative Home Health | Medical | 1,099.00 | |
| 08/11/2014 | 5893 | Independence Hall | Living Expenses | 3,979.00 | |
| 08/11/2014 | 5889 | South Florida Imaging | Medical | 9.72 | |
| 08/14/2014 | EFT | AT&T | Telephone | 53.75 | |
| 08/14/2014 | EFT | Gift to Cliff Abromats | | | 10,000.00 |
| 08/19/2014 | EFT | AT&T | Telephone | 61.47 | |
| 08/19/2014 | 5896 | Cliff Abromats | Reimburse | 1,015.45 | |
| 08/20/2014 | EFT | City Of Wilton Manors | 1813 NE 27 St Stormwater fee | 98.91 | |
| 08/20/2014 | EFT | FPL | Utilities | 76.91 | |
| 08/22/2014 | 5898 | Alternative Home Health | Medical | 1,099.00 | |
| 08/26/2014 | 5899 | Universal Arts | Prescriptions | 86.53 | |
| 08/27/2014 | 5901 | Alternative Home Health | Medical | 1,050.00 | |
| 09/02/2014 | 5902 | Alternative Home Health | Medical | 1,099.00 | |
| 09/09/2014 | 5903 | Independence Hall | Living Expenses | 3,991.00 | |
| 09/15/2014 | 5905 | Alternative Home Health | Medical | 1,099.00 | |
| 09/15/2014 | 5906 | Alternative Home Health | Medical | 1,174.00 | |
| 09/15/2014 | EFT | AT&T | Telephone | 60.82 | |
| 09/18/2014 | EFT | FPL | Utilities | 93.11 | |
| 09/22/2014 | 5904 | Universal Arts | Prescriptions | 98.53 | |
| 09/26/2014 | 5908 | Alternative Home Health | Medical | 1,099.00 | |
| 09/30/2014 | 5910 | Alternative Home Health | Medical | 1,099.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|---|---|---|---|---|---|
| **SUNTRUST CHECKING ACCOUNT #** ████ **1405 (continued)** | | | | | |
| 09/30/2014 | EFT | Comcast | Cable TV | 116.16 | |
| 09/30/2014 | 5909 | Janice Worobec | Reimburse | 484.40 | |
| 10/08/2014 | EFT | Gift to Cliff Abromats | | | 15,000.00 |
| 10/14/2014 | 5912 | Alternative Home Health | Medical | 1,099.00 | |
| 10/15/2014 | 5913 | Independence Hall | Living Expenses | 3,959.00 | |
| 10/17/2014 | 5914 | Alternative Home Health | Medical | 1,099.00 | |
| 10/21/2014 | EFT | AT&T | Telephone | 60.82 | |
| 10/21/2014 | EFT | FPL | Utilities | 71.71 | |
| 10/22/2014 | 5915 | Alternative Home Health | Medical | 1,099.00 | |
| 10/27/2014 | 5918 | Internal Revenue Service | Fed | 1,548.85 | |
| 10/28/2014 | 5917 | Universal Arts | Prescriptions | 97.47 | |
| 10/29/2014 | EFT | Sun Trust | Credit Card Payment | 10.00 | |
| 10/29/2014 | EFT | Gift to Cliff Abromats | | | 5,000.00 |
| 10/30/2014 | 5921 | Alternative Home Health | Medical | 1,099.00 | |
| 10/30/2014 | EFT | Gift to Cliff Abromats | | | 40,000.00 |
| 10/31/2014 | EFT | Comcast | Cable TV | 53.32 | |
| 10/31/2014 | 5919 | Ahearn Jasco | Accountant | 600.00 | 600.00 |
| 10/31/2014 | 5920 | Ahearn Jasco | Accountant | 837.50 | 837.50 |
| 11/04/2014 | 5923 | Alternative Home Health | Medical | 1,099.00 | |
| 11/10/2014 | 5925 | Independence Hall | Household | 4,026.00 | |
| 11/13/2014 | 5926 | Alternative Home Health | Medical | 1,099.00 | |
| 11/14/2014 | EFT | AT&T | Telephone | 60.91 | |
| 11/14/2014 | EFT | Gift to Cliff Abromats | | | 25,000.00 |
| 11/18/2014 | EFT | FPL | Utilities | 70.96 | |
| 11/21/2014 | 5929 | Alternative Home Health | Medical | 1,099.00 | |
| 11/21/2014 | 5927 | Universal Arts | Prescriptions | 90.64 | |
| 12/03/2014 | EFT | Comcast | Cable TV | 53.30 | |
| 12/08/2014 | 5930 | Alternative Home Health | Medical | 1,099.00 | |
| 12/08/2014 | 5931 | Alternative Home Health | Medical | 1,099.00 | |
| 12/09/2014 | 5932 | Janice Worobec | Reimburse | 262.10 | |
| 12/09/2014 | 5933 | Janice Worobec | Reimburse | 266.20 | |
| 12/09/2014 | 5934 | Independence Hall | Household | 3,945.00 | |
| 12/12/2014 | 5936 | Alternative Home Health | Medical | 1,174.00 | |
| 12/17/2014 | EFT | FPL | Utilities | 65.09 | |
| 12/17/2014 | 5937 | Universal Arts | Prescriptions | 89.03 | |
| 12/18/2014 | EFT | AT&T | Telephone | 60.96 | |
| 12/18/2014 | EFT | State Farm Insurance | 1813 NE 27th St Expense | 841.68 | |
| 12/23/2014 | 5940 | Alternative Home Health | Medical | 1,099.00 | |
| 12/23/2014 | 5941 | Alternative Home Health | Medical | 1,099.00 | |
| 12/30/2014 | 5942 | United Healthcare Insurance | Medical | 632.40 | |
| 01/05/2015 | 5943 | Alternative Home Health | Medical | 1,099.00 | |
| 01/12/2015 | 5944 | Alternative Home Health | Medical | 1,174.00 | |
| 01/13/2015 | EFT | Gift to Cliff Abromats | | | 42,000.00 |
| 01/15/2015 | 5945 | Independence Hall | Household | 4,014.00 | |
| 01/16/2015 | 5946 | Alternative Home Health | Medical | 1,736.50 | |
| 01/21/2015 | EFT | Gift to Cliff Abromats | | | 5,000.00 |
| 01/22/2015 | EFT | FPL | Utilities | 74.28 | |
| 01/26/2015 | 5947 | Alternative Home Health | Medical | 1,974.00 | |
| 01/27/2015 | EFT | AT&T | Telephone | 65.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B   Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|---|---|---|---|---|---|
| **SUNTRUST CHECKING ACCOUNT #████1405 (continued)** | | | | | |
| 01/28/2015 | EFT | Suntrust | Check Order | 8.00 | |
| 01/29/2015 | 271 | Janice Worobec | Gifts | | 14,000.00 |
| 01/30/2015 | 5948 | Alternative Home Health | Medical | 771.50 | |
| 02/03/2015 | 5950 | Universal Arts | Prescriptions | 125.00 | |
| 02/09/2015 | 5951 | Alternative Home Health | Medical | 1,519.00 | |
| 02/17/2015 | 5952 | Alternative Home Health | Medical | 1,434.00 | |
| 02/17/2015 | 5953 | Independence Hall | Household | 3,945.00 | |
| 02/18/2015 | EFT | FPL | Utilities | 51.07 | |
| 02/20/2015 | 5955 | Alternative Home Health | Medical | 1,561.00 | |
| 02/25/2015 | 5954 | Universal Arts | Prescriptions | 135.79 | |
| 03/02/2015 | EFT | Gift to Cliff Abromats | | | 5,000.00 |
| 03/04/2015 | EFT | AT&T | Telephone | 75.00 | |
| 03/04/2015 | 5958 | Alternative Home Health | Medical | 1,519.00 | |
| 03/05/2015 | EFT | Comcast | Cable TV | 55.31 | |
| 03/09/2015 | 5956 | Letitia Abromats | Gifts | | 14,000.00 |
| 03/09/2015 | 5957 | Philip Abromats | Gifts | | 14,000.00 |
| 03/11/2015 | EFT | AT&T | Telephone | 80.00 | |
| 03/12/2015 | 5959 | Alternative Home Health | Medical | 1,519.00 | |
| 03/13/2015 | 5963 | Independence Hall | Household | 3,945.00 | |
| 03/16/2015 | 5964 | Alternative Home Health | Medical | 1,519.00 | |
| 03/18/2015 | 272 | Manor Oaks | Medical | 4,086.00 | |
| 03/19/2015 | EFT | FPL | Utilities | 65.42 | |
| 03/19/2015 | 273 | Willie Lakes | Furniture reimbursement | 250.00 | |
| 03/23/2015 | EFT | FPL | Utilities | 3.22 | |
| 03/31/2015 | 5966 | Universal Arts | Prescriptions | 33.28 | |
| 03/31/2015 | 5969 | Janice Worobec | Reimburse   GCA airfare | 173.10 | |
| 03/31/2015 | 5967 | Janice Worobec | Reimburse - GCA airfare | 217.10 | |
| 03/31/2015 | 5968 | Janice Worobec | Reimburse - JJW airfare | 302.20 | |
| 03/31/2015 | 5960 | Janice Worobec | Reimburse | 399.00 | |
| 04/06/2015 | EFT | U.S. Treasury | Check Reversal | 1,944.00 | |
| 04/27/2015 | EFT | Comcast | Cable TV | 20.72 | |
| 04/29/2015 | 5971 | Skin Care Physicians | Medical | 13.25 | |
| 05/01/2015 | 5970 | Universal Arts | Prescriptions | 74.16 | |
| 05/12/2015 | 5973 | Edward Walker, MD | Medical | 133.75 | |
| 05/26/2015 | 5975 | Alternative Home Health | Medical | 1,050.00 | |
| 05/26/2015 | 5976 | Alternative Home Health | Medical | 1,519.00 | |
| 05/29/2015 | 5974 | Jack Baxter Jr | Legal Fees | 221.25 | 221.25 |
| **SUNTRUST CHECKING ACCOUNT ████44383** | | | | | |
| 12/21/2011 | | Suntrust | Bank Charge | 8.00 | |
| 01/06/2012 | 5003 | Unidentified payee | | 1,475.00 | |
| 01/07/2012 | 101 | Cliff Abromats | Gifts | | 13,000.00 |
| 01/07/2012 | 102 | Janice Worobec | Gifts | | 13,000.00 |
| 01/07/2012 | 103 | Philip Abromats | Gifts | | 13,000.00 |
| 01/07/2012 | 104 | Letitia Abromats | Gifts | | 13,000.00 |
| 01/25/2012 | 5001 | Unidentified payee | | 434.00 | |
| 01/26/2012 | | Suntrust | Service Charge | 15.00 | |
| 01/26/2012 | 5002 | Unidentified payee | | 1,504.50 | |
| 01/30/2012 | 5004 | Alternative Home Health | Medical | 837.00 | |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule B - Disbursements During Period
(Does not include purchases of principal assets.
Such transactions are shown on schedule D.)

| Date | | Brief Description of Items | | Income | Principal |
|------|------|----------------------------|---------------|----------|------------|
| **SUNTRUST CHECKING ACCOUNT** ▉▉▉ **4383 (continued)** | | | | | |
| 01/30/2012 | 5005 | Alternative Home Health | Medical | 1,999.50 | |
| 02/06/2012 | 5006 | Universal Arts | Prescriptions | 252.32 | |
| 02/08/2012 | | Gift to Cliff Abromats | | | 65,000.00 |
| 02/13/2012 | 5007 | Unidentified payee | | 700.40 | |
| 04/02/2012 | | Gift to Cliff Abromats | | | 2,295.28 |
| 04/16/2012 | | GJA Petty cash | GJA Petty cash | 500.00 | |
| 05/24/2012 | | Gift to Cliff Abromats | | | 23,400.00 |
| 07/09/2012 | | Gift to Cliff Abromats | | | 25,000.00 |
| 07/16/2012 | | Gift to Cliff Abromats | | | 10,000.00 |
| 07/18/2012 | | Suntrust | Bank Charge/checks | 12.25 | |
| 08/02/2012 | | Gift to Cliff Abromats | | | 10,000.00 |
| 08/24/2012 | | Gift to Cliff Abromats | | | 15,000.00 |
| 09/27/2012 | | Gift to Cliff Abromats | | | 15,000.00 |
| 10/22/2012 | | Gift to Cliff Abromats | | | 20,000.00 |
| 05/13/2013 | | Gift to Cliff Abromats | | | 20,000.00 |
| 05/30/2013 | | Gift to Cliff Abromats | | | 10,000.00 |
| 08/16/2013 | | Gift to Cliff Abromats | | | 5,000.00 |
| 08/28/2013 | | Suntrust | Service Charge | 15.00 | |
| 09/09/2013 | | Gift to Cliff Abromats | | | 30,000.00 |
| 09/26/2013 | | Suntrust | Service Charge | 15.00 | |
| 09/30/2013 | | Gift to Cliff Abromats | | | 5,000.00 |
| 12/16/2013 | | Gift to Cliff Abromats | | | 15,000.00 |
| | | | | $ 518,842.00 | $ 811,491.21 |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

| | Schedule C - Distributions | | |
| --- | --- | --- | --- |
| Date | Brief Description of Items | Income | Principal |
| | | — | — |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule D - Capital Transactions and Adjustments
(Does not include disbursements.  Disbursements are shown on Schedule C.)

| Date | | Proceeds | Cost | Net Gain | Net Loss |
|---|---|---|---|---|---|
| 12/23/2011 | Sale of 2473.574 shs Fidelity Secs Growth & Income Portfolio | $ 45,286.14 | $ 1,372.94 | $ 43,913.20 | |
| 7/11/2012 | Received into Wells Fargo Brokerage Account: | | | | |
| | 28 shs Frontier Communications | | | 112.84 | |
| | 50 shs National Grid PLC | | | 2,686.00 | |
| | 120 shs Verizon Communications | | | 5,388.00 | |
| | 87 shs Vodafone Group PLC | | | 2,487.33 | |
| 7/11/2012 | Sale of 120 shs Verizon Commications | 5,119.12 | 5,388.00 | | 268.88 |
| 8/16/2012 | Sale of 28 shs Frontier Communications | 102.73 | 112.84 | | 10.11 |
| 8/16/2012 | Sale of 50 shs National Grid PLC | 2,658.06 | 2,686.00 | | 27.94 |
| 8/16/2012 | Sale of 87 shs Vodafone Group PLC | 2,463.58 | 2,487.33 | | 23.75 |
| 8/21/2012 | Sale of 7500 shs EQT Corp | 430,185.34 | - | 430,185.34 | |
| 11/5/2012 | Sale of 100 shs Apple Inc. (purchased 6/4/2012) | 58,090.86 | 69,369.77 | | 11,278.91 |
| 1/17/2013 | Sale of 2000 shs Yum Brands Inc | 129,740.00 | 103,759.04 | 25,980.96 | |
| 5/3/2013 | Sale of 200 shs Chipotle Mexican Grill | 73,354.93 | 73,897.12 | | 542.19 |
| 5/24/2014 | Sale of 1000 shs Ventas Inc. | 75,910.48 | 74,845.35 | 1,065.13 | |
| 10/10/2013 | Sale of 250 shs Boeing Inc | 29,082.37 | 21,237.17 | 7,845.20 | |
| 2/13/2014 | Sale of 500 shs Time Warner Cable | 71,850.93 | 68,694.54 | 3,156.39 | |
| 9/3/2014 | Sale of 750 shs Boeing Co | 93,602.91 | 63,711.50 | 29,891.41 | |
| 1/8/2015 | Sale of 500 shs Home Depot Inc | 26,377.81 | 15,734.42 | 10,643.39 | |
| 1/8/2015 | Sale of 250 shs Lowes Companies | 17,187.25 | 8,369.91 | 8,817.34 | |
| 3/20/2015 | Sale of 250 shs Home Depot Inc. | 29,141.17 | 15,734.41 | 13,406.76 | |
| | | | | $ 585,579.29 | $ 12,151.78 |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

| Schedule E - Assets on Hand at Close of Accounting Period | | | | |
|---|---|---|---|---|
| | | Carrying Value | | Estimated |
| | Income | Principal | Total | Current Value |
| **CASH AND CASH EQUIVALENTS** | | | | |
| Suntrust Checking Account ████ 1405 | | $ 17,735.06 | $ 17,735.06 | $ 17,735.06 |
| Wells Fargo Advisors ███ -8943 | | 5,387.33 | 5,387.33 | 5,387.33 |
| **INVESTMENTS HELD IN WELLS FARGO BROKERAGE** | | | | |
| 1400 shs | Apple Inc. purchased 8/14/2013 | 100,079.22 | 100,079.22 | 175,210.00 |
| 500 shs | Home Depot Inc purchased 11/2/2012 | 31,468.82 | 31,468.82 | 53,490.00 |
| 750 shs | Lowes Companies Inc purchased 11/2/2012 | 25,109.70 | 25,109.70 | 51,645.00 |
| **NOTES RECEIVABLE FROM PHILIP AND LETITIA  ABROMATS** | | | | |
| Note dated 1/8/0/08; 5% interest, due on demand after 8/15/11 | | 34,000.00 | 34,000.00 | 34,000.00 |
| Note dated 2/29/08; 5% interest, due on demand after 8/15/11 | | 25,000.00 | 25,000.00 | 25,000.00 |
| Note dated 7/9/08; 5% interest, due within 21 days of receipt of EQT | | 75,000.00 | 75,000.00 | 75,000.00 |
| Note dated 2/24/09; 5% interest, due 2/23/14 | | 75,000.00 | 75,000.00 | 75,000.00 |
| Note dated 5/6/09; 5% interest, due 5/5/14 | | 55,000.00 | 55,000.00 | 55,000.00 |
| **LOAN RECEIVABLE  - Cliff Abromats, dated March 26, 2105** | | 20,000.00 | 20,000.00 | 20,000.00 |
| | $          - | $ 463,780.13 | $ 463,780.13 | $  587,467.39 |

See Independent Accountants' Compilation Report

**EXHIBIT A**

GLORIA J. ABROMATS TRUST UA DTD 9/15/2005
TRUST ACCOUNTING
FOR THE PERIOD FROM OCTOBER 31, 2011
THROUGH APRIL 30, 2015

Schedule F    Assets on Hand at Beginning of Accounting Period

| | | Carrying Value | |
| | Income | Principal | Total |
| --- | --- | --- | --- |
| **CASH AND CASH EQUIVALENTS** | | | |
| Suntrust Checking Account ▮▮▮ 1405 | | $ 58,311.18 | $ 58,311.18 |
| Wells Fargo Advisors ▮▮ 8943 | | 112,819.10 | 112,819.10 |
| Money held by Cliff Abromats for the benefit of Gloria Abromats (deposited on 11/17/11) | | 110,735.43 | 110,735.43 |
| **INVESTMENTS HELD IN WELLS FARGO BROKERAGE** | | | |
| 7500 shs        EQT Corp | | - | - |
| 2000 sh         Yum Brands Inc. | | 103,759.04 | 103,759.04 |
| 2460.915 shs   Fidelity  Secs Fd Growth & Income Port | | 1,144.07 | 1,144.07 |
| **NOTES RECEIVABLE FROM PHILIP AND LETITIA  ABROMATS** | | | |
| Note dated 1/8/08; 5% interest, due on demand after 8/15/11 | | 34,000.00 | 34,000.00 |
| Note dated 2/29/08; 5% interest, due on demand after 8/15/11 | | 25,000.00 | 25,000.00 |
| Note dated 7/9/08; 5% interest, due within 21 days of receipt of EQT | | 75,000.00 | 75,000.00 |
| Note dated 2/24/09; 5% interest, due 2/23/14 | | 75,000.00 | 75,000.00 |
| Note dated 5/6/09; 5% interest, due 5/5/14 | | 55,000.00 | 55,000.00 |
| | $        - | $ 650,768.82 | $ 650,768.82 |

**EXHIBIT A**