## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-60653-BLOOM/Valle

G. CLIFFORD ABROMATS,
individually and as Trustee of the Gloria J.
Abromats Revocable Trust Agreement
u/t/d September 15, 2005, as amended,

       Plaintiff/Counter-Defendant,

v.

PHILIP ABROMATS,
individually and as qualified beneficiary
Gloria J. Abromats Revocable Trust Agreement
u/t/d September 15, 2005, as amended,

       Defendant/Counter-Plaintiff.

_____/

### ORDER ON MOTION FOR SANCTIONS AND
### MOTION TO RECONSIDER FEE-INJUNCTION MOTION

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant G. Clifford

Abromats's ("Clifford") Motion for Sanctions and Disqualification ("Motion for Sanctions"),

ECF No. [122], and Defendant/Counter-Plaintiff Philip Abromats's ("Philip") Motion to

Reconsider Ruling on Fee-Injunction Motion and Hold Evidentiary Hearing ("Motion to

Reconsider"), ECF No. [119] (collectively, the "Motions").  For the reasons that follow, both

Motions are denied.

### I.      BACKGROUND

The background of these proceedings is well known to all parties and extensively

documented in this Court's prior Orders.  *See Abromats v. Abromats*, 2016 WL 5941888 (S.D.

Fla. Oct. 13, 2016) (ECF No. [117]); *Abromats v. Abromats*, 2016 WL 4917153 (S.D. Fla. Sept.

15, 2016) (ECF No. [93]); *Abromats v. Abromats*, 2016 WL 4366480 (S.D. Fla. Aug. 16, 2016) (ECF No. [72]); *see also* ECF No. [52].  For purposes of the instant Motions, Clifford is Trustee of the Gloria Abromats ("Ms. Abromats" or "Gloria") Trust ("Gloria Trust"), and George Abromats Trust ("George Trust") (collectively, the "Trusts"), settled by the parties' parents before they passed away.  Philip, a seasoned attorney, originally filed a *pro se* Complaint in the Western District of New York, but his wife Letitia Abromats ("Letitia"), also an attorney, began representing him shortly thereafter.  *See* Motion for Sanctions, Factual Background ¶¶ 11, 16, 17, 25.  Letitia has continued to represent Philip before this Court, but Philip has performed the majority of research and writing in this motion-heavy litigation.  *See id.* ¶¶ 28, 29; *see also* ECF No. [88-1] at 3; [94-4] ¶¶ 3, 5; ECF No. [127] at 3, 15-16.  Many of the documents filed with the Court on Philip's behalf have been signed by Letitia but submitted by Philip's law firm, Philip E. Abromats, P.C., while other filings have been made by Philip's local counsel, Allan A. Joseph. Clifford moves to sanction Philip and disqualify him, his law firm, and Letitia from appearing in these proceedings.  *See* Motion for Sanctions.  Unsurprisingly, Philip opposes the Motion, and additionally moves the Court to reconsider its prior Order denying his Fee-Injunction Motion, ECF No. [117].  *See* Motion to Reconsider.  The parties' Responses and Replies have timely followed.  *See* ECF Nos. [127], [132], [134], [139].

## II.        MOTION FOR SANCTIONS

These proceedings concern a deeply personal and bitter dispute between two brothers. Among other accusations, each brother accuses the other of shamelessly taking advantage of their infirm mother to obtain an advantage over Trust assets.  For over a year, the parties have litigated this matter intensely in three different venues before at least five different judges.  At times, each side has supported its position by utilizing unpleasant phrasing and accusatory

language.  It is little surprise,[1] then, to see a similar tone used in Philip's October 10, 2016 email

to Clifford, which serves as the primary basis for Clifford's Motion for Sanctions.  *See* ECF No.

[122-1] (the "October 10 Email").  Clifford argues that the Court should sanction Philip, stating

that "[b]ecause he is unable to control his own conduct in this litigation, Philip and his law

practice should be disqualified from participating in it and Philip should face sanctions for his

violation of bar rules."  Motion for Sanctions at 3-4.  Philip argues that Clifford has failed to

establish grounds for such a sanction.

The Court has an inherent power to sanction attorneys or parties to a case.  *See Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 50-52 (1991).  Such powers "must be exercised with restraint and

discretion."  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  "The key to unlocking a

court's inherent power is a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th

Cir. 1998).  As with any motion, the movant – in this case, Clifford – bears the burden to

establish grounds for the relief he seeks.  Clifford argues that Philip's conduct in these

proceedings constitutes the "practice of law," and that the Court should treat him as either a *pro*

*se* litigant or an attorney practicing before the Court in violation of Court rules.  *See* Motion for

Sanctions at 9.  Philip's practice of law, according to Clifford, has included the "drafting of

pleadings and court papers and the supervision and direction of the legal work of an associate –

i.e., Letitia Abromats," culminating in Philip's recent email entitled "Settlement Communication

Confidential."  Philip, however, has been represented by his wife Letitia, attorney Thomas E.

Buck ("Buck"), and attorney Allan Joseph since the inception of these proceedings before this

Court.  While Philip concedes that he personally drafted many of the filings and conducted much

of the underlying research utilized in this case, Philip states that Letitia "still oversees that

work," as she "reads every motion and brief in the case, corresponds with opposing and

---

[1] But by no-means condoned.

co-counsel, reviews discovery and signs submissions to the court."  ECF No. [127] at 15, 16 n.8.

Philip further explains that Buck's duty is to "execute the actual trial and any other adversarial

events, such as depositions," and that Letitia and Buck "share the duty of arguing motions

hearings."  *Id.* at 16.

Parties in federal court "may plead and conduct their own cases personally or by counsel

as, by the rules of such courts, respectively, are permitted to manage and conduct causes

therein."  28 U.S.C. § 1654.  Furthermore, in Florida, "[p]arties to a matter may communicate

directly with each other."  Fla. St. Bar R. 4-4.2 (Comment).  Clifford argues that the Court

should categorize Philip as a *pro se* attorney-litigant despite his being represented by attorneys,

and sanction him for his improper email to Clifford.  Clifford cites to no factually analogous case

in support of his position, nor does he provide authority that holds an attorney-client such as

Philip cannot draft his own filings on his own behalf if said filings are reviewed, signed, and

filed by his counsel.  The Court agrees with Philip that the cases Clifford relies upon are

materially distinguishable, as they involve entirely *pro se* litigants, unlicensed attorneys or other

improper representation, or conduct in violation of a court order.  *See, e.g.*, *Bedoya v. Aventura

Limousine & Transp. Serv., Inc.*, 861 F. Supp. 2d 1346, 1354 (S.D. Fla. 2012); *Suchite v.

Kleppin*, 784 F. Supp. 2d 1343, 1348 (S.D. Fla. 2011); *The Florida Bar v. D'Ambrosio*, 25 So.

3d 1209, 1212 (Fla. 2009); *The Florida Bar v. Neiman*, 816 So. 2d 587, 588 (Fla. 2002); *The

Florida Bar v. Savitt*, 363 So. 2d 559, 560 (Fla. 1978); *Sandstrom v. Sandstrom*, 880 P.2d 103,

109 (Wyo. 1994); *see also Adams v. Bellsouth Telecommunications, Inc.*, 2000 WL 33941852, at

*5 (S.D. Fla. Nov. 20, 2000), *report and recommendation adopted in part sub nom. Adams v.

BellSouth Telecommuncations, Inc.*, 2001 WL 34032759 (S.D. Fla. Jan. 29, 2001), *dismissed sub

nom. Adams v. BellSouth Telecommunications*, 45 F. App'x 876 (11th Cir. 2002) (counsel

"actively appeared at no less than four depositions and actually conducted direct examination in at least three of them . . . In addition, his name was on pleadings—as having been admitted *pro hac vice*").  Since the transfer/removal of this case to this Court, Philip has admittedly assisted his attorneys, but has neither made a filing nor violated a court order.  Regardless of whether Philip's actions constitute the practice of law under other circumstances, the Court does not believe that Philip's assistance *in his own* case, overseen, reviewed, and submitted to the Court by his attorneys, constitutes *pro se* litigating or the impermissible practice of law.[2]  Accordingly, the Court finds that Clifford has failed to establish grounds to sanction Philip, Letitia, or Philip E. Abromats, P.C.

As to the October 10 Email specifically, Clifford believes it "an outrage,"[3] and makes clear that he does not wish to receive further emails from Philip (the individual) during the course of this litigation.  Motion for Sanctions at 3, 5; *see* ECF No. [134] at 10.  Accordingly, and in the interests of collegial resolution of this case, the Court orders that Philip (the individual) shall not *initiate* contact with Clifford (the individual) during the course of this litigation unless explicitly permitted by Clifford or his attorneys.  Philip may be present at any meeting or copied on any communication initiated or responded to by his attorneys, unless otherwise prohibited by the Rules of Ethics or Southern District of Florida's Local Rules.  Additionally, all submissions filed with the Court henceforth shall list the submitting law firm.

---

[2] The Court rejects Clifford's argument that Philip has "supervised" Letitia, as Philip's Response, filed by "Letitia C. Abromats, PC" and signed by Letitia, makes clear that Letitia is not an associate at Philip E. Abromats, P.C. and does not work under Philip's supervision.  *See* ECF No. [127] at 18.

[3] Clifford appears to take particular offense to Philip's invocation of Michael Corleone's relationship with Fredo in the Francis Ford Coppola masterpiece, *Godfather II* (1974).  While some of the fictional Corleone's statements did in fact prove foreboding, Clifford does not claim that Philip's reference is anything but hyperbole.  As in all proceedings before this Court, both parties are encouraged, through their respective counsels, to make a settlement offer that the other side "can't," or at least, will have difficulty, refusing in good faith.

Specifically, if Letitia Abromats is not an attorney with Philip E. Abromats, P.C. for the purposes of this case – as Letitia swears – and she and/or her law firm make a filing on Philip's behalf, "Letitia C. Abromats, P.C." must be listed above the signature line, as appropriate.

## III.   MOTION TO RECONSIDER

Philip separately moves the Court to reconsider its decision denying his motion to enjoin Clifford, as trustee, from using trust funds to litigate this case.  As the Court has previously explained, "[c]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012).  "To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature." *Lomax v. Ruvin*, 476 F. App'x 175, 177 (11th Cir. 2012) (citing *Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1276 n.2 (11th Cir. 2005)).  "Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003); *see Eveillard v. Nationstar Mortgage LLC*, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015).  To establish grounds for reconsideration, "the movant must do more than simply restate his or her previous arguments,

and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283. Simply put, a party cannot attempt through reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Philip first argues that the Court erred in concluding that Clifford provided sufficient notice, pursuant to Fla. Stat. § 736.0802(10)(b), of his intent to use Gloria and George Trust funds in this litigation. To briefly review the procedural posture of the issue, on March 28, 2016, Philip initiated these proceedings before this Court by filing a notice of removal through his attorney Allan Joseph. *See* ECF No. [1]. On April 1, 2016, Clifford served Philip, via Allan Joseph, with § 736.0802(10)(b) notices "by electronic mail."[4] *See* ECF No. [13-1]; *see also* ECF No. [119-4] ¶¶ 3, 4. Philip (and presumably, Letitia) received Clifford's notices, because on April 7, 2016, Philip filed a copy of the Gloria Trust notice on the docket of this Court through attorney Allan Joseph, stating, through Letitia, that the notice "indicate[s] [Clifford] intends to use the corpus and/or income of the trust to pay his legal fees in this and related litigation." ECF No. [13-1] ¶ 4. Despite having received the § 736.0802(10)(b) notices and having actual knowledge of Clifford's intent, Philip waited nearly two months to file a motion with any Court to enjoin Clifford from using trust funds, arguing primarily that Clifford had committed a breach of trust, but also succinctly claiming that Clifford had provided insufficient notice under § 736.0802(10)(b).[5]

---

[4] In its previous Order, ECF No. [117], the Court incorrectly stated that Clifford served notice upon Letitia via email.

[5] On May 27, 2016, Philip filed motions to enjoin on the docket of his soon-to-be transferred and closed Western District of New York action, and on the docket of the recently-removed George Trust matter pending before the Honorable William J. Zloch. Philip, presumably, did not file his initial motion to enjoin on the docket of this Court because the Court administratively closed these proceedings pending a

While Philip believes Clifford's notices are "legal nullit[ies]" due to their filing in state court two days after Philip filed notices of removal, it is undisputed that Clifford served the § 736.0802(10)(b) notices upon Philip's attorney in these removed proceedings – Allan Joseph – via email, and that Philip actually received Clifford's notices shortly thereafter. Under Florida trust law, a trustee may serve notice of intent to use trust funds "in the manner provided for service of pleadings and other documents by the Florida Rules of Civil Procedure." Fla. Stat. § 736.0802(10)(c). The Florida Rules of Civil Procedure allow for email service upon a represented party through his or her attorney. *See* Fla. R. Jud. Admin 2.516(b)(1). Clifford did just that, serving notice of his intent to use trust funds in the Trust litigations (since removed) upon Philip's local counsel Allan Joseph at the email addresses Mr. Joseph has listed in these federal proceedings: "ajoseph@fuerstlaw.com" and "avillena@fuerstlaw.com." *See* ECF No. [13-1]. As the Court noted in its prior Order, "Philip does not challenge the substance of Clifford's email service," and as the record demonstrates, Philip and his attorneys "were aware very early in these proceedings that Clifford intended to use trust funds to litigate this matter." ECF No. [117] at 15. Philip was therefore properly served with Clifford's § 736.0802(10)(b) notice of intent to use trust funds in these federal proceedings. As to Philip's argument premised on Clifford's alleged failure to provide Audrey Joyce with notice, the Court does not consider Philip's argument on reconsideration because Philip failed to argue the issue in his initial motion. *See Compania*, 401 F. Supp. 2d at 1283. Accordingly, Philip has failed to establish grounds for reconsideration of the Court's holding that Clifford provided sufficient notice under Fla. Stat. § 736.0802(10)(b).

---

ruling on Philip's motion to reconsider a transfer of venue Order in the Western District of New York. Philip did not file a motion to enjoin with this Court until August 19, 2016. *See* ECF No. [76].

Philip also challenges the Court's finding that Philip failed to establish a reasonable basis to conclude that Clifford committed a breach of trust. Philip, however, has not presented evidence "of a strongly convincing nature" sufficient to warrant the "extraordinary remedy" of reconsideration on this basis. *Lomax*, 476 F. App'x at 177; *Wendy's Int'l, Inc.*, 169 F.R.D. at 685. In support of his Motion, Philip has produced Clifford's recent answers to requests for admissions obtained through discovery, but the conclusions Philip extracts therefrom are speculative in nature. *See* Motion to Reconsider at 8-9, 13-14, 17-20. Much of Philip's remaining arguments are based on previously available accounting information, emails, pleadings, and answers, which the Court will not consider on Philip's Motion to Reconsider. *See* Motion to Reconsider at 9-13, 15-17; *Michael Linet, Inc.*, 408 F.3d at 763. In any event, the Court alternatively found good cause to deny Philip's motion to enjoin in an exercise of its discretion pursuant to Fla. Stat. § 736.0802(10)(e)(1),[6] and none of the arguments or evidence

---

[6] The Court reasoned as follows:

The Court additionally finds good cause to deny Philip's Motion to Enjoin in its discretion, pursuant to Fla. Stat. § 736.0802(10)(e)(1). In order to properly adjudicate the Motion to Enjoin, the Court must consider the context in which Philip brings his Motion, and the context is this: both Abromats brothers ask the Court to determine that the other took advantage of their elderly mother. Philip claims that Clifford secured Philip's expulsion from the Gloria Trust, and that as Trustee, he systematically stole Trust funds through unscrupulous means and undue influence. Clifford retorts that Philip convinced Ms. Abromats to reinstate him back into the Trust through undue influence. Merits aside, only Philip kept his actions entirely secret, informing Clifford of his reinsertion years later and shortly before Ms. Abromats's death. Timely disclosure of the September Amendments may have resulted in an unpleasant family dispute, but surely no more unpleasant than the instant litigation has been, and would have allowed Ms. Abromats to unambiguously express her intentions. Such a result would also have avoided the gross expenditure of Trust resources that have seemingly flowed from this litigation unabated. Faced with a record rife with cross-accusations, the Court believes it proper to err on the side of Florida's default trust law and the stated wishes of Ms. Abromats through the [Power of Attorney] and Trust instrument, which grant Clifford "full power to act" for Ms. Abromats, and provide[ ] Clifford with broad powers, including the "specific power[ ]...[t]o employ and compensate attorneys." ECF No. [15-48] ¶ 1; Gloria Trust Art. 11 § F. If the Court is eventually required to decipher the intent of the late Ms. Abromats, it will only do so upon an adequate record. Accordingly, the Motion to Enjoin is denied.

*Abromats*, 2016 WL 5941888, at *6.

presented in Philip's Motion to Reconsider alters this conclusion.[7]  *See Abromats*, 2016 WL 5941888, at *6.

The Court does not lightly disregard Philip's arguments, concerns, or the stakes at issue, but stresses that it has not, as Philip fears, "essentially decided the whole case before it without ever actually addressing the merits."  Motion to Reconsider at 2.  Philip's breach of trust claims remain, and Philip will have every appropriate opportunity to obtain evidence through discovery in support of his allegations.  The Motion to Reconsider is denied.

**IV.      CONCLUSION**

For  the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1.  Clifford's Motion for Sanctions, **ECF No. [122]**, is **DENIED;**

2.  Philip's Motion to Reconsider, **ECF No. [119]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 16th day of November, 2016.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[7] To the extent that Philip argues the Court improperly denied his motion without first holding a hearing, the Court does not find reconsideration warranted on this basis.  *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("Generally, evidentiary hearings are required prior to the issuance or denial of a motion for preliminary injunction only where there is a presumption of irreparable harm, as in a Title VII employment discrimination case.").