UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 16-cv-60653-BLOOM/Valle**

G. CLIFFORD ABROMATS,
individually and as Trustee of the Gloria J.
Abromats Revocable Trust Agreement
u/t/d September 15, 2005, as amended,

    Plaintiff/Counter-Defendant,

v.

PHILIP ABROMATS,
individually and as qualified beneficiary
Gloria J. Abromats Revocable Trust Agreement
u/t/d September 15, 2005, as amended,

    Defendant/Counter-Plaintiff.
_____/

**ORDER ON MOTION TO DISMISS
COUNT XI OF COUNTERCLAIMS WITH PREJUDICE**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant G. Clifford Abromats's ("Clifford") Motion to Dismiss Count XI of Defendant/Counter-Plaintiff Philip Abromats's ("Philip") Amended Counterclaim With Prejudice, ECF No. [116] (the "Motion"). For the reasons that follow, the Motion is granted, and Count XI is dismissed with prejudice.

**I.   BACKGROUND**

At this point in the litigation, a brief procedural history will suffice.[1]  *See* ECF No. [141]; *Abromats v. Abromats*, 2016 WL 5941888 (S.D. Fla. Oct. 13, 2016) (ECF No. [117]); *Abromats v. Abromats*, 2016 WL 4917153 (S.D. Fla. Sept. 15, 2016) (ECF No. [93]); *Abromats v. Abromats*, 2016 WL 4366480 (S.D. Fla. Aug. 16, 2016) (ECF No. [72]); *see also* ECF No. [52].

---

[1] As recognized by the parties, this case is set for a bench trial.  *See* ECF No. [65].  Accordingly, the parties need not comply with the Court's scheduling requirements applicable to jury trials.  *See* ECF No. [67].

On September 14, 2016, the Court granted in part and denied in part Clifford's Motion to Dismiss Philip's Counterclaims. *See* ECF No. [93]. Pertinently, the Court dismissed Count XI of the Counterclaims without prejudice, finding that Philip had failed to state a claim for reformation but granting him leave to amend his claim. *See id.* at 15-17. Philip amended Count XI, ECF No. [97], and Clifford now moves to dismiss the claim with prejudice. *See* Motion. Philip's Response, and Clifford's Reply, timely followed. *See* ECF Nos. [124], [131].

## II.   LEGAL STANDARD

As the parties are well aware, Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012);

*Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III.   DISCUSSION**

In Count XI, Philip brings a claim for reformation of Clifford's $300,000 and $150,000 notes to the George Abromats Trust, requesting that the Court alter the notes' respective due dates to make them "payable *instanter*." ECF No. [97] ¶ 344. "Reformation is an equitable remedy, which 'acts to correct an error not in the parties' agreement but in the writing which constitutes the embodiment of that agreement." *Kolski ex rel. Kolski v. Kolski*, 731 So. 2d 169, 173 (Fla. 3d DCA 1999) (quoting *Smith v. Royal Automotive Group, Inc.*, 675 So. 2d 144, 150-51 (Fla. 5th DCA 1996)). "It is well-settled that Florida law permits a court to exercise its equitable powers to reform a contract under certain circumstances." *Continuum Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, 2011 WL 2214810, at *2 (S.D. Fla. June 2, 2011) (citing *Coda Roofing, Inc. v. Gemini Ins. Co.*, 2010 WL 4689325, at *2 (S.D. Fla. Nov. 10, 2010)). "[I]n

reforming a written instrument," however, a court "in no way alters the agreement of the parties. Instead, the reformation only corrects the defective written instrument so that it accurately reflects the true terms of the agreement actually reached." *Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1369-70 (Fla. 1987). "'Florida courts have sharply delimited a narrow range of circumstances that will support reformation: fraud, inequitable conduct, accident, inadvertence, and mutual mistake.'" *Continuum Condo. Ass'n, Inc.*, 2011 WL 2214810, at *2 (quoting *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Ass'n*, 8 F.3d 760, 765 (11th Cir. 1993)); *see Barber v. Am.'s Wholesale Lender*, 2013 WL 1149316, at *3 (M.D. Fla. Mar. 19, 2013), *aff'd*, 542 F. App'x 832 (11th Cir. 2013) ("A viable claim for reformation must allege both unilateral mistake by one party and inequitable conduct by the other party."). Here, Philip argues that Clifford's inequitable conduct and/or fraud serves as the basis for the reformation he seeks. Thus, at the pleading stage, Philip must sufficiently allege (1) the existence of a written instrument; (2) fraud or inequitable conduct in the written instruments; and (3) that as a result, the written instruments do not accurately express the intent of the parties. *See Continuum Condo. Ass'n, Inc.*, 2011 WL 2214810, at *2; *Providence Square Ass'n, Inc.*, 507 So. 2d at 1369-70.

Although Clifford makes a litany of arguments for dismissing Count XI with prejudice, the Court finds sufficient Clifford's position that Philip has failed to plead, and cannot establish, the third element required to state a claim for reformation.[2] In his amended claim, Philip alleges that he, Clifford, and Ms. Abromats "never intended that the notes evidencing the brother's [sic] borrowings ever be collected upon," but rather, that the "respective borrowings [be] taken into

---

[2] The Court so holds without resorting to the language of the George Abromats Trust, and without otherwise transforming the Motion into one for partial summary judgment as alternatively requested by the parties. *See, e.g.*, Motion at 3 n.1. Going forward, and in light of the extensive judicial resources already devoted to this matter, the Court declines to engage in piecemeal adjudication of this case, and will not entertain motions for partial summary judgment.

4

account at the final trust distributions." ECF No. [97] ¶ 336b; *see* ECF No. [124] at 4 ("The loans were never intended to be repaid."). If, however, no party ever intended for Clifford's notes to be collected, the Court cannot alter and expedite their repayment terms through reformation. In support of his claim, Philip speaks of a broader "intent," namely, Ms. Abromats's wish that the brothers be treated "perfectly evenly," and that the family informally agreed that the brothers would "offset their notes to the respective trusts at the time of final distribution." ECF No. [124] at 2, 6. Due to the January 2011 disinheriting amendment however, Philip asserts that he unfairly cannot offset *his* notes from the Gloria Abromats Trust, while Clifford remains eligible to offset his notes from the George Abromats Trust. *See id.* at 6. Putting aside the fact that many of Philip's concerns will likely become moot should Clifford fail to establish the invalidity of the September 2011 re-inheriting amendment, Philip's current financial status does not change the fact that at the time the notes were made (according to Philip), the parties did not intend Clifford to repay them. Philip, therefore, cannot establish a claim for reformation.[3] *See Providence Square Ass'n, Inc.*, 507 So. 2d at 1371 ("A reformation relates back to the time the instrument was originally executed and simply corrects the document's language to read as it should have read all along. By contrast, an amendment that changes the provisions of a document prospectively does not provide a determination that, as originally written, it contained an erroneously drafted provision." (internal citations omitted)).

Philip brings claims for breach of trust and breach of fiduciary duty at Counts III and IV of his Counterclaims. *See* ECF No. [37]. If successful, Philip may seek "any . . . appropriate relief," including but not limited to: a Court order requiring that Clifford "pay from the trust . . .

---

[3] The Court originally dismissed Count XI but allowed Philip to amend because (1) Clifford did not move for dismissal with prejudice, and (2) Philip argued but did not adequately plead facts pertaining to a supposed family "custom" related to the notes. Upon review of Philip's amended allegations, the Court believes Philip's concession at paragraph 336b and elsewhere are fatal to his reformation claim, irrespective of any custom.

an amount the court determines will restore [Philip], in whole or in part, to his . . . appropriate position"; "return some or all of the distribution to the trust"; and "recover property or its proceeds" already distributed. Fla. Stat. § 736.1001(2)(i), (j), (3)(a)-(b). These remedies, however, do not create a separate cause of action for reformation in equity. If the Court is required to review a final distribution of trust assets after adjudicating the parties' claims, the Court will take into account the brothers' "respective borrowings" at that time, as appropriate.[4] It is therefore

**ORDERED AND ADJUDGED** that Clifford's Motion to Dismiss Count XI With Prejudice, **ECF No. [116]**, is **GRANTED.** Count XI of Philip's Counterclaims (as amended), is **DISMISSED** with prejudice.

**DONE AND ORDERED** in Miami, Florida, this 17th day of November, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[4] In his Motion to Distribute Portion of the George Trust currently pending before the Court, Philip does not seek "his half" of Clifford's $450,000 worth of notes. ECF No. [110] at 3.